JUDGE COFER
delivered the opinion op the court.
The appellants and others were jointly indicted in the Greenup Criminal Court, at its May Term, 1877, for the larceny of five hundred pounds of bacon, the personal property of Jane Kelley; and the appellants having been tried and *265 found guilty have appealed to this court to obtain a reversal of the judgment against them.
John and David Christian were tried together and William Salyards was tried separately. On the trial each offered his co-defendants as witnesses in his behalf, and avowed that he could prove by them respectively facts which were clearly material for his defense; but the court sustained the objections of the Commonwealth, and refused to permit any of the defendants to testify. To that ruling of the court they excepted, and those exceptions raise the only question in the case worthy of consideration.
Section 234 of the Criminal Code of 1877 reads as follows: “If two or more persons be jointly indicted for the same offense, each shall be a competent witness for the others, unless the indictment charge a conspiracy between them.”
The indictment in this case charged that the defendants “ combined, confederated, agreed to, conspired, and did feloniously steal,” etc. The case therefore came within the letter of the statute. But it is contended by counsel that it is not enough to charge a conspiracy, but it must also be proved.
It is easy to see how the statute may be entirely defeated if it be held that it is only necessary to charge a conspiracy in the indictment. Such a construction would make the right of a party to the testimony of his co-defendant depend on the pleasure of the commonwealth’s attorney and grand jury, and not on the law of the land. The legislature can not be presumed to have intended such a result. The object of the proviso was to prevent conspirators from being witnesses for each other, and the intention of the legislature clearly was that all who were not conspirators should be competent witnesses for their co-defendants. Under the former rule in this state it sometimes happened that the principal, or at least an important witness for the accused, was indicted with him when there was no sufficient evidence to warrant it, thus depriving *266 the defendant of important evidence in his favor. The object of the legislature was to prevent that injustice in the future, and it is the duty of the courts to so construe and apply the act as to accomplish the legislative will.
We are therefore of the opinion that, although a conspiracy is charged in the indictment, defendants jointly indicted are competent witnesses for each other, unless there is such evidence as, in the opinion of the court, establishes with reasonable certainty the existence of the alleged conspiracy.
But, in our opinion, there was evidence in this case sufficient to establish a conspiracy between the defendants. The bacon was stolen from Mrs. Kelley’s premises, situated about two miles from the Ohio River; tracks of three or four persons were seen there, and were traced to and from the river, showing that the persons who had stolen the meat had come and gone that way. The defendants lived in Ironton, in the state of Ohio. A witness testified that on the morning after the night on which the meat was stolen the defendants and another came to his house in Ironton before day with three or four sacks of meat; and a part of the stolen meat was found in the possession of each of the defendants.
These facts satisfactorily proved that the defendants had gone together from their homes in Ironton, across the river, and had stolen the meat, and returned in company to their homes. The conclusion that they conspired to steal the meat before they crossed to the Kentucky side of the river is not only reasonable, but irresistible.
The court therefore properly refused to allow them to testify for each other.
Judgment affirmed.