### ALFRED GAMBREL v. COMMONWEALTH.

**Continuances in Criminal Causes.**

> Upon the filing of an affidavit for the continuance of the trial of a criminal case, which is sufficient to show a good cause therefor on account of the absence of witnesses, it is within the sound discretion of the court to say for what length of time the cause should be postponed.

**Dismissal of Indictment.**

> The dismissal of the first indictment before the formation of a jury and before assignment was not a bar to a second indictment.

### APPEAL FROM BREATHITT CIRCUIT COURT.

January 23, 1880.

OPINION BY JUDGE HINES:

We are of the opinion that the court did not err in refusing to continue the cause to court in course. Sec. 315 of the Civil Code, which applies to this case, provides that, upon affidavit showing the materiality of evidence and that due diligence has been used to secure the attendance of the witnesses, a postponement may be had, not, in the ordinary acceptation and interpretation of the section, a continuance to the next term of the court; nor does it mean an indefinite or arbitrary postponement, but a suspension of the proceedings a sufficient length of time to enable the accused, by the exercise of ordinary diligence, to secure the attendance of the witnesses.

It must be admitted that the affidavit showed the materiality of the evidence and that reasonable diligence, under the circumstances, had been used to secure the attendance of the witnesses. But the court on the affidavit proposed to postpone the case one or two days to enable the accused to get the witnesses, and this offer was refused, and while refusing it no further time was asked, nor any intimation given that the witnesses could not be procured within that time, nor that they could be procured at any time however distant. It appears to us

that it was within the sound discretion of the court to say for what length of time the cause should be postponed, and that on an offer to postpone to a certain time it became the duty of the accused, if he deemed the time too short, to make known to the court his desire and the necessity for further postponement. He certainly was not entitled to an indefinite postponement, and if not he should designate some time within which it would appear that he had reasonable grounds to believe he could secure the attendance of his witnesses.

So far as we are able to learn from the record, which is prepared in such a way as to render it difficult to ascertain what was done or when an order was made, it appears that some of these witnesses afterward came into court and were examined, and that others were beyond the reach of the process of the court.

We do not think that the indictment is subject to the objection of counsel that it charges more than one offense. It is one and the same offense charged in three several forms. The dismissal of the first indictment before the formation of a jury and before assignment was not a bar to the second indictment. Appellant was never placed in jeopardy on the first.

The failure of the clerk to qualify the person claimed to have been chosen by the appellant to try the case cannot be inquired into. We cannot go behind the certificate of the clerk and the commission of the governor to determine whether the clerk was mistaken in certify-ing that no election could be had. In the judgment of the clerk, he is not liable for such a mistake, if any, nor can his action be collater-ally questioned; but for issuing a fraudulent certificate on which a commission is based there might be a remedy against the clerk, and notwithstanding that fact the commission would be valid.

It was not error to allow the official character of Judge J. W. Burnett to be shown to the jury by the order read for that purpose, nor was it error to allow the order appointing or directing guards to be summoned to be read to the jury. It is charged in the indictment that Judge Burnett, while acting in the discharge of his duty as county judge and a conservator of the peace, was killed. It was proper to show all the facts and circumstances surrounding the par-ties at the time of the killing and the relation of the parties, so tend-ing to account for the affray and bearing upon the question of the existence of malice.

The court properly refused to let C. O. Caldwell testify. He is charged in the indictment as one of the conspirators, and the evidence

shows him to have been with his co-conspirators at the beginning of the fight, with a pistol in his hand. He was not one of the guards summoned to guard the prisoner, Little, and his presence under the circumstances is not easily accounted for except upon the supposition that he was there for the purpose of assisting in resisting the officers of the law and to take the life of Judge Burnett. This is not the case presented in *Christian v. Commonwealth,* 13 Bush 264. The circumstances as developed in the evidence show, with reasonable certainty, the connection of Caldwell with the conspirators in the accomplishment of their felonious purpose.

Counsel for appellant points out in his brief no specific objection to the instructions, nor have we been able, after a careful investigation, to discover any cause for complaint in this regard. The instructions appear to present the law with unusual perspicuity and comprehensiveness. The whole law of the case was given.

Judgment *affirmed.*

Judge Hargis not sitting.

*John E. Cooper, for appellant.   Hardin, for appellee.*