CASE 125—INDICTMENT—DECEMBER 17, 1881.

# Bowling v. Commonwealth.

### APPEAL FROM CLAY CIRCUIT COURT.

A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and if a conspiracy is charged, the statements of one of the conspirators cannot be used against another, unless there is some evidence of the conspiracy other than that of the accomplice.

JNO. & J. W. RODMAN FOR APPELLANT.

1. A conviction cannot be had upon the uncorroborated testimony of an accomplice. (Crim. Code, sec. 241.)
2. The court erred in admitting testimony, and appellant can take advantage of this error, although not made a ground for a new trial. (Johnson v. Commonwealth, 9 Bush, 228; Turnbull v. Commonwealth, 79 Ky., 495.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The conspiracy having been proved, the statement of a co-conspirator was competent against appellant.
2. As appellant had the benefit of an instruction to the effect that the uncorroborated testimony of an accomplice is insufficient to convict, he cannot complain.

Bowling v. Commonwealth.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In the year 1873 the house of Solomon Garland was broken into and robbed.

The robbers went to the house late in the night, after all the inmates had retired, and with a rail broke open the door, entered, and carried away a wooden box that contained three small boxes, in which Garland had deposited $204.25.

Three tracks were found next morning which led from the house to a spot in a field near by, where the boxes were broken open, rifled, and left.

In a few days several persons were arrested and tried for the robbery, but no sufficient evidence being produced they were discharged.

For five years nothing further seems to have been done to discover the perpetrators of the offense, when for the first time one Jackson Archer, having become very bitter in feelings against Russell and Joseph Bowling, accused them of the robbery.

They were both indicted and tried at the same term of court. Joseph was convicted, and Russell Bowling was acquitted; yet this record shows such a state of facts as proves that neither or both were guilty.

Upon the trial of the appellant Joseph Bowling, the only evidence tending to connect him with the conspiracy and robbery charged in the indictment was that of Archer, who admitted facts sufficient to show that he was an accomplice in the commission of the offense.

It is true he swears he was innocent, but the facts contradict him, and his evidence is inconsistent, and fails to sustain his protestation.

His testimony confirms the wisdom of the legislature in providing that—

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with *the commission* of the offense, and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof." (Section 241, Criminal Code.)

Several witnesses were permitted to testify, against appellant's objections, to the statements of Russell Bowling, which were not made, if made at all, in the presence of the accused.

These alleged statements tended to prove a conspiracy to commit the robbery, and to involve the appellant as a participant in the conspiracy.

It is clear, under the section of the Code quoted, that the uncorroborated testimony of an accomplice is wholly insufficient to convict the accused of a crime or of any of its constituent elements, or to render admissible any confessions or admissions of the parties which depend upon and must be preceded by evidence of a conspiracy, unless other evidence, besides that of the accomplice, is produced, tending to prove a conspiracy, and connect the accused therewith; and evidence merely showing that the offense was committed, and the circumstances thereof, is as insufficient for that purpose as it would be to connect the accused with the commission of the offense itself.

Before admitting the evidence of the alleged statements of Russell Bowling, not made in the presence and acquiesced in by the appellant, there should have been other evidence tending to prove a conspiracy, and connect the appellant with it, than that of Archer, the accomplice.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial.