JOSEPH FLEMING *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—428.]

**Competency of Witnesses for Each Other When Charged with Conspiracy.**

Although a conspiracy is charged in the indictment, the conspirators are competent to testify for each other unless there has been such evidence as in the court's opinion establishes with reasonable certainty the existence of the alleged conspiracy.

APPEAL FROM CARTER CIRCUIT COURT.

November 1, 1883.

OPINION BY JUDGE LEWIS:

Geo. H. Ward is the only witness who testified on the trial of appellant to the fact of the commission of the offense for which he and Clark were jointly indicted. He stated that during the day preceding the night when the storehouse of C. H. Scott was broken into he saw appellant and Clark in the town of Olive Hill, where the storehouse is situated, and talked with them in regard to breaking open the store and was in company with them when it was broken and entered; that he stood at the corner of the storehouse while

appellant cut the window, but did not go in, remaining outside while appellant and Clark entered; and that of the goods taken from the storehouse on that occasion he got some cigars handed to him by Clark. There was but a single fact or circumstance stated by any other witness besides Ward tending to corroborate his testimony against appellant, and that was by no means conclusive, while it was not corroborated by any evidence whatever tending to connect Clark with the commission of the offense. So the attorney for the commonwealth dismissed the prosecution as to Clark.

Although a conspiracy was charged in the indictment, appellant and Clark were competent witnesses for each other unless there had been such evidence as in the opinion of the court established with reasonable certainty the existence of the alleged conspiracy. *Christian v. Commonwealth*, 13 Bush (Ky.) 264. A different rule, says the court in that case, might unjustly deprive a defendant of important evidence in his favor.

The evidence of Ward himself shows clearly that he is an accomplice in the meaning of Crim. Code 1876, § 241. Being so it was necessary for his testimony to be corroborated in respect to the conspiracy charged in order to disqualify Clark as a witness upon the trial and in behalf of appellant. *Miller v. Commonwealth*, 78 Ky. 15; *Bowling v. Commonwealth*, 79 Ky. 604, 3 Ky. L. 610.

The avowal by appellant that he could prove by Clark that he was not with the appellant at the time Scott's storehouse was broken into, nor had seen him for several days previously, makes it obvious that the evidence of Clark was material for his defense. In our opinion the court erred in refusing to permit him to testify as a witness.

For the errors indicated the judgment is *reversed* and cause remanded with instructions to grant appellant a new trial and for further proceedings consistent with this opinion.

*Wm. Bowling, J. D. Jones, for appellant.*
*P. W. Hardin, for appellee.*