CASE 34—INDICTMENT—SEPTEMBER 18

## Jeffries v. Commonwealth.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. AN INDICTMENT FOR MURDER, which charges that the killing was done by the defendant shooting the deceased, thus inflicting wounds from which death resulted, need not contain a formal statement that the pistol was a deadly weapon, and at the time loaded with a leaden ball or other hard substance, since the shot could not have been fired, and a fatal wound inflicted thereby, if the pistol had not been a deadly weapon and loaded.

2. DEFENDANTS JOINTLY INDICTED ARE COMPETENT WITNESSES FOR EACH OTHER, although a conspiracy be charged in the indictment, unless there be such evidence as, in the opinion of the court, establishes, with reasonable certainty, the existence of the alleged conspiracy. The act of May 1, 1886, entitled "An act to permit defendants in penal and criminal prosecutions to testify," does not change the rule theretofore adopted by this court for determining the competency of such witnesses, and does not give the court trying the case arbitrary power to exclude them.

JEP. C. JONSON FOR APPELLANT.

1. The indictment was defective in that it did not charge that the pistol with which the shooting was done was a deadly weapon, and loaded with powder and a leaden ball or other hard substance. This case is unlike the case of Burton v. State, 3 Tex. Ct. Ap., 408, reported in 30 Am. Rep., 146.

2. The appellant was entitled to the testimony of his co-defendant, although a conspiracy was charged, there being no proof of a conspiracy. The discretion placed in the court as to the admission or exclusion of such testimony is a sound legal discretion, and not an arbitrary power. (Acts of 1886, vol. 1, p. 83.)

3. The fact that the jury were permitted to separate, contrary to the charge of the court, was sufficient to entitle appellant to a new trial. (Earle v. The State, 1 Tex. Ct. Ap., 243, S. C. 23 Am. Rep., 412.)

4. The fact that the sheriff allowed the jury to take with them to their room an almanac which was not in evidence was good ground for a new trial. (State v. Lantz, 23 Kan., 728; S. C. 33 Am. Rep., 215.)

P. W. HARDIN, Attorney General, for appellee.

JUDGE LEWIS delivered the opinion of the court.

Appellant having been tried separately and convicted under a joint indictment against him and one Hugh B. Furguson for murder, prosecutes this appeal.

The particular circumstances of the offense are stated in the indictment as follows: "The said John Jeffries and Hugh B. Furguson, on the —— day of ——, 1885, in the said county of McLean, did unlawfully conspire together to kill and murder one Marion Hunter, and did, in carrying out said conspiracy, * * willfully, * * feloniously, and of their malice aforethought, kill * * and murder said Marion Hunter, in said county, by the said John Jeffries shooting him, the said Hunter, with a pistol, and striking him with a large club, thus inflicting wounds of which the said Hunter did immediately thereafter die. The said Hugh B. Furguson was then and there present, aiding, abetting, counseling, inciting, advising and assisting," etc.

The objection that the indictment fails to state the pistol was a deadly weapon, and was, at the time, loaded with a leaden ball or other hard substance, can not be sustained; for the shot could not have been fired, nor a fatal wound inflicted thereby, if the pistol had not been a deadly weapon

and loaded.    A formal statement of these facts was not, therefore, indispensable. ,

After the conclusion of evidence on behalf of the Commonwealth, and appellant himself had testified, he, as shown by the record, offered to introduce, as a witness in his behalf, Hugh B. Furguson, who was in custody charged as a conspirator with him ; but the lower court refused to permit him to testify as a witness.    And whether this is a reversible error or not is the principal question in the case.

Section 3 of an act, entitled "An act to permit defendants in penal and criminal prosecutions to testify," approved May 1, 1886, before the trial of this case, is as follows : "If two or more persons are jointly indicted, they may testify for each other, unless a conspiracy is charged in the indictment, and proven to the satisfaction of the court."

This was intended as an amendment to section 234 of the Criminal Code, which is as follows : " If two or more persons be jointly indicted for the same offense, each shall be a competent witness for the others, unless the indictment charge a conspiracy between them."

But this court, in the case of Christian v. Commonwealth, 13 Bush, 264, construing that section of the Code, said: "Although a conspiracy is charged in the indictment, defendants jointly indicted are competent witnesses for each other, unless there is such evidence as, in the opinion of the court, establishes, with reasonable certainty, the existence of the alleged conspiracy."

This construction was subsequently approved in

the cases of Galloway v. Commonwealth, 5 Ky. Law Reporter, 213, and Sparks v. Commonwealth, MS. Op., May, 1885.

We do not think it was intended by the act of May 1, 1886, to change the rule adopted by this court for determining the competency of such witnesses, nor to give to the court trying the case arbitrary power to exclude them. But under that act defendants jointly indicted are competent witnesses for each other, although a conspiracy be charged in the indictment, unless, in the language of this court, there be such evidence as, in the opinion of the court, establishes, with reasonable certainty, the existence of the alleged conspiracy.

We are unable, after a careful examination of the record in this case, to perceive any evidence showing the existence of the conspiracy charged.

There is only one witness who states he was present at or near the time Hunter is supposed to have been killed. He saw no blow struck or wound inflicted, but testifies that he saw the prostrate body of a person he thought was that of Hunter, after nightfall, and saw a person standing over or near it who, he says, was appellant. He also testifies another person was present, but does not say it was Furguson, but, on the contrary, states he believes it was not him. No evidence was introduced showing any hostile feeling on the part of Furguson to the deceased, nor motive of any kind for taking his life, or conspiring with another to do it. Nor is there any evidence of pre-arrangement or plan between appellant and Furguson to commit the deed.

Three persons testified on the trial that, at the time the witness for the Commonwealth fixes when he saw the body of Hunter in presence of appellant and another person unknown to him, both Furguson and appellant were together on a log raft in the river some distance away.

In our opinion, as there was no evidence of the conspiracy charged in the indictment, appellant was clearly entitled to the evidence of Furguson, and the lower court erred in refusing to permit him to be introduced and examined as a witness in appellant's behalf.

There are some other errors complained of, but as they relate to the conduct of the trial, and need not again occur, we deem it unnecessary to pass on them. But for the error indicated the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.