CASE 87—J. F. GILBERT WAS CONVICTED OF MURDER AND APPEALS—Oct. 18.

# Gilbert v. Commonwealth.

APPEAL FROM BREATHITT CIRCUIT COURT.

DEFENDANT CONVICTED OF MURDER AND APPEALS. AFFIRMED.

CRIMINAL LAW—DECLARATION IN HEARING OF ACCUSED—SEPARATION OF WITNESSES—CONFESSIONS—FAILURE TO INSTRUCT JURY AS TO EFFECT.

Held: 1. It was for the jury to determine whether accused heard a declaration, the admissibility of which, depended upon that fact, and the declaration was properly allowed to go to the jury with an instruction that they could consider it against accused only in the event that they believed he heard it.

2. It was not an abuse of discretion to permit the Commonwealth to introduce an important witness who had heard all the other witnesses for the prosecution testify, where the prosecuting at-

torney was not advised, until after the witness had heard the testimony of the other witnesses, that he could give important testimony.

3. Under Criminal Code Practice, section 240, providing that "a confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed," the court need not instruct the jury to that effect where the *corpus delicti* is established by uncontradicted evidence, the jury being the sole judge as to whether there shall be a conviction upon confessions alone where the *corpus delicti* is otherwise proved; and it would have been prejudicial to accused to instruct the jury as to the effect of a confession where it was doubtful whether the declaration relied, on as a confession was in fact such.

THOMAS T. COPE AND W. N. COPE, FOR APPELLANT.

The appellant, having been tried and convicted on a charge of murder and his punishment fixed at confinement in the penitentiary for life, prosecutes this appeal and complains:

1. That the lower court erred in permitting incompetent evidence to go to the jury over his objection.

2. Because the court erred in permitting Robert Fields to testify as a witness for the Commonwealth, who had heard all the evidence introduced by the Commonwealth previous to his introduction as a witness.

3. Because the court failed to give the jury the whole law of the case, to the prejudice of appellant.

The incompetent evidence complained of is as follows: Catherine Fugate, the third witness for the Commonwealth, stated to the jury that "on Sunday morning, Casity and his wife were upon the railroad just above our house, and Gilbert and Miller were around there also. Cassity's wife called to me and said that 'Gilbert was going to kill her husband.' I do not know whether Gilbert heard that statement or not."

We insist that unless this statement was made in the hearing of appellant it is incompetent. Appellant swears he did not hear it.

The court failed to instruct the jury as to the effect of the confessions testified to by Fields and Roberts, and this was prejudicial to the defendant.

We understand that, in order to convict, there must be other evidence, besides such confession, conducing to show the guilt of the accused.

AUTHORITIES CITED.

L. & N. R. R. Co. v. Com., 13 Ky. Law Rep., 925; Williams v.
Com., 7 Ky. Law Rep., 744; Trimble v. Com., 78 Ky., 176; Heil-
man v. Com., 84 Ky., 457; Cook v. Com., 10 Ky. Law Rep., 222;
Cunningham v. Com., 9 Bush, 149; Criminal Code, sec. 240.

W. W. VAUGHN AND ROBT. J. BRECKINRIDGE, ATTORNEY-
GENERAL, FOR COMMONWEALTH.

POINTS AND AUTHORITIES.

(1) It is within the sound judicial discretion of the trial
court to allow a witness to testify who has remained in the
court room and heard the testimony of other witnesses. Civil
Code, sec. 601; Crim. Code, sec. 151; Baker v. Com., 20 Ky. Law
Rep., 1778-81; Johnson v. Clem, 82 Ky., 87.

(2) The mere objection to the testimony of a witness is not
sufficient, unless there is an exception saved, and after the
witness has testified there must be a motion to exclude and
an exception saved as well as an objection to the testimony.

(3) It was not error for the court to fail, in this case, to
give an instruction upon the question on a confession made
out of court. Crim. Code, sec. 240; Confessions, Black and
Bouvier's Law Dictionary; Patterson v. Com., 86 Ky., 321;
Wigginton v. Com., 92 Ky., 289; Spicer v. Com., 21 Ky. Rep.,
529.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The appellant was indicted and convicted for the mur-
der of Ned Cassity. A reversal is sought because: (1)
Of the admission of incompetent testimony; (2) in allowing
Robert Fields to testify after hearing the other testimony
for the Commonwealth; (3) failure to instruct the jury
that the defendant could not be convicted on extrajudicial
confessions alone.

The deceased was killed on Sunday night. Catherine
Fugate testified that on Sunday morning the deceased and
his wife were on the railroad near her house, and the ap-
pellant was also there. Mrs. Cassity called to the witness,
and said that the appellant was going to kill her husband.
At the time both appellant and deceased had their pistols

in their hands. She said she did not know whether appel-
lant heard what Mrs. Cassity said or not, but he was in
the crowd. It is insisted that, because Mrs. Fugate could
not say that appellant heard what Mrs. Cassity said, her
testimony was incompetent. The court told the jury it
could not consider it evidence against the appellant only in
the event that it believed that he heard the satement.
The ruling was proper. The jury was the judge as to
whether or not he heard it, and it was authorized to at-
tach to it whatever weight it was entitled to receive. Mrs.
Cassity seems to have hallooed to the witness, and made
the statement in question, and appellant seems to have been
in the crowd with her. It seems to us that the jury could
have reached but one conclusion, and that was that appel-
lant heard it.

It appears that Robert Fields was in the court house
and heard the testimony introduced by the Commonwealth.
The representative of the Commonwealth then discovered
that he was an important witness for it, and would give
testimony strongly tending to establish the guilt of appel-
lant. The appellant objected to Fields testifying, because
he had been in the court room during the introduction
of testimony by the Commonwealth. The Commonwealth's
attorney stated that he was not advised that Fields would
testify to the facts at the time of the introduction of the
other testimony. The court permitted him to testify. This
court has held that the provision of the Code which au-
thorizes the court to exclude the witnesses from the court
room pending the trial is not mandatory, but the court
has a sound discretion in the enforcement of the rule.
Johnson v. Clem, 82 Ky., 87, 5 R. 793, Baker v. Com. (Ky.) (50
S. W., 54, 20 Ky. Law Rep., 1778). The Commonwealth had
discovered an important witness, and it would not have

been the exercise of sound discretion to have allowed the jury to return a verdict of not guilty when there was a witness in court who would prove facts that would have authorized the jury to return a verdict of guilty. Had the court not done so, a man guilty of a heinous crime might have escaped punishment.

Cr. Code Prac., section 240, reads:    "A confession of a defendant, unless made in open court, will not warrant conviction unless accompanied with other proof that such offense was committed." The court failed to give an instruction as to the effect of the testimony of certain witnesses, whose testimony it is claimed tends to prove that appellant had confessed his guilt." It is insisted that the court should have given an instruction based upon that section of the Code. One of these witnesses testified that appellant told him "that he [Gilbert] would not part with the 38 Colt; that it was a man killer, and the proper stuff; that he had tried it; that it was the pistol that killed Ned Cassity.' Charles Morgan testified:    "That the next morning [meaning Monday morning] about half past two o'clock, Gilbert and Fields came up stairs into the room where we were. Gilbert told me to get up; that we must go; that Jesse and himself had had a fight; that Jesse was in the room with him at that time, and that he and Gilbert were friendly with each other, and Gilbert said nothing about who he had had the fight with." Robert Fields, among other things, testified:    "That a few days afterwards he went back to Perry county, and Gilbert came to see him, and asked him if Jesse gave him away, or made any statement about that shanty-boat affair. He said that he had heard that he had. That the witness told him that Jesse had not, and then Gilbert remarked that he did not think Jesse would tell it on him, or would tell

the like of that on him, one or the other, and he did not
remember which." It was held in Cunningham v. Com.,
9 Bush, 149, that the meaning of section 240 is that, be-
sides the proof of any confession the defendant may have
made of his guilt, unless made in open court, there must,
to warrant a conviction, be other evidence to prove him
guilty of the offense alleged. In Patterson v. Com., 86
Ky,, 321 (9 R. 481) (5 S. W., 390), the court criticizes the cor-
rectness of the court's interpretation of the section in Cun-
ningham v. Com., saying: "The converse of the proposition
stated in section 240 is that, if the confession is accompanied
with proof that such offense was committed,—that is, with
proof of the *corpus delicti*,—it will warrant a conviction."
The court pointed out the difference between sections 240
and 241, holding that under section 241 other and addi-
tional evidence, tending to connect the defendant with the
commission of the offense, is required in addition to the
testimony of an accomplice in order to convict. In Wig-
ginton v. Com., 92 Ky., 289 (13 R. 641) (17 S. W., 636), the
court gave the following instruction: "That the confession
of either of the defendants will not warrant a conviction
against the defendant making the confession unless accom-
panied with other proof that such an offense was committed."
It was argued in that case that the jury should have been
further instructed that they had no right to convict unless
such confession was corroborated by other evidence tend-
ing to connect the defendant with the commission of the
offence, and that the corroboration is not sufficient if it
merely shows the offence was committed, and the circum-
stances thereof. The court held that the court below did
not err in refusing to give an instruction of the kind in-
sisted on in behalf of the defendant. If the uncontradicted
evidence in the case establishes the *corpus delicti*, the ques-

tion arises as to the necessity of telling the jury that it could not convict the accused upon any confessions out of court which he may have made. Under the plain language of the Code and the Patterson and Wigginton cases, the jury is the sole judge as to whether the defendant should be convicted on confessions where the *corpus delicti* has been proven. It is unlike a case where the conviction is sought upon the testimony of an accomplice alone, because the Code expressly provides that it requires other testimony, tending to show the guilt of the accused, in addition to that of an accomplice, to authorize a conviction. Under the testimony in this case, it would have been misleading to the jury and prejudicial to the defendant to have given the instruction in question, because the jury might have inferred that the court was of the opinion that the appellant had made a confession. Spicer v. Com., (Ky.) 51 S. W., 802 (21 Ky. Law Rep., 529).

We are of the opinion that the substantial rights of the appellant have not been prejudiced. The judgment is therefore affirmed.