## Royce v. Commonwealth.

(Decided April 18, 1922.)

### Appeal from Monroe Circuit Court.

1. Arrest—Invalid Warrant—Arrest Without Warrant.—Although peace officers have in their possession an invalid search warrant at the time they make an arrest, the arrest is not invalid nor the evidence of the officers incompetent if it appear that at the time the arrest was made the defendants were guilty of the commission of a public offense in the presence of the officers, and the evidence does not prove that a search was made of the person of the defendants or of the automobile in which they were traveling.

2. Searches and Seizures—Search Warrant.—Where the thing sought is open and obvious so that any one within reasonable distance can readily and plainly see it, no search warrant is necessary.

B. F. DENHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Robert Royce, and one Kinnaird were apprehended by a posse of deputy sheriffs on a public highway, in Monroe county, while they were driving a Ford automobile containing intoxicating liquors from Tompkinsville towards Glasgow. They were jointly indicted in the Monroe circuit court charged with unlawfully transporting liquor. Kinnaird pleaded guilty and was adjudged to pay a fine and serve a jail sentence. Appellant Royce pleaded not guilty and at a subsequent term of court was tried, found guilty and fined $50.00 and adjudged to serve a term in the county jail. From this judgment he appeals.

To reverse the judgment appellant Royce assigns as grounds the insufficiency of the affidavit upon which the search warrant was issued, and the insufficiency and invalidity of the search warrant, from which it results that all the evidence offered for the Commonwealth tending to prove the guilt of appellant was incompetent, as he contends, because said evidence was obtained through an illegal search warrant.

It appears from the record that appellant and Kinnaird had obtained a large quantity of moonshine whiskey near the Kentucky-Tennessee state line and were transporting it in a car through Monroe county in the direction of Glasgow at the time-the affidavit upon which the search warrant was made and the search warrant issued. The bill of exceptions contains a concise statement of all the evidence introduced for the Commonwealth, which is as follows:

"Overtook defendant and Kinnaird on the Glasgow and Tompkinsville pike, about two miles out of Tompkinsville; that at the time Kinnaird was in the machine at the steering wheel and defendant Royce was cranking the machine; deputy sheriff told him several times to stop cranking the machine and defendant looked up and turned around and I told him we were officers and he stopped; that Bryant drew a pistol on Royce before Royce let loose of the crank. That Kinnaird asked the officers not to destroy his liquor; that he had suffered losses and was trying to get on his feet and could not stand the loss of the liquor; that Royce said: 'Harry, they have got us, let's go with them; you know the liquor is ours;' that they found from eight to twelve gallons of liquor in the possession of said Kinnaird and Royce in the machine."

At the conclusion of the evidence for the Commonwealth appellant Royce moved the court to hold the search warant insufficient and to quash the evidence obtained by reason of said search warrant. This motion was overruled by the court and appellant excepted. For the same reason he insists the court should have directed a verdict for him.

It appears from the foregoing synopsis of the evidence that when the deputy sheriffs found the appellant and Kinnaird on the public highway with the Ford car, appellant was cranking the machine in an effort to start it. Kinnaird was at the wheel. When the officers placed appellant and Kinnaird under arrest, Kinnaird asked the officers not to destroy his liquor and said to them that he had suffered losses and was trying to get on his feet and could not stand the loss of the liquor. About the same time appellant Royce in speaking to Kinnaird said: "Harry, they have got us; let's go with them. You know the liquor is ours."

Following this the bill of exceptions contains this statement: "that they (the officers) found from eight to twelve gallons of liquor in the possession of said Kinnaird and Royce in the machine." There was sufficient evidence to carry the case to the jury, aside from the finding of the liquor in the machine. Both Kinnaird and appellant Royce had confessed to the officers that they were transporting the liquor and asked that it be not destroyed. While the evidence shows that "they found from eight to twelve gallons of liquor in the possession of said Kinnaird and Royce," it is not shown, and we will not presume, that any search was made by the officers of the machine, or of Kinnaird or Royce for the purpose of discovering the whiskey. So far as the record shows the liquor was not offered in evidence. Moreover it must be presumed from the record, which is silent on the subject, that the whiskey was in public view and that the officers did not have to and did not in fact make a search of the car in order to discover that the appellant and Kinnaird were transporting liquor in the machine. Where the possession of the unlawful thing is open and obvious so that any one within reasonable distance can readily and plainly see it, no search warrant is necessary, and the evidence thus obtained may be received upon the trial of the accused. Bowling v. Commonwealth, 193 Ky. 642.

As the appellant and Kinnaird were engaged in the unlawful act of transporting liquor through Monroe county at the time the deputies overtook and arrested them, it is unnecessary for us to consider the sufficiency of the affidavit for the search warrant and the search warrant, for it does not appear that any search was then made under the warrant of either the appellant Kinnaird or the machine to discover the liquor, but it does reasonably appear that both Kinnaird and appellant Royce made statements to the officers before they were arrested or about that time, plainly indicating to the officers that the two men were then in the act of and were guilty of illegally transporting intoxicating liquors through that county, and as the officers were authorized under section 36 of the Criminal Code to make an arrest without a warrant when a public offense was being committed in their presence, it is wholly immaterial that the search warrant which they had in their hands was defective or insufficient, if it was either. Banks v. Commonwealth, 190 Ky. 337; Robert Turner v. Commonwealth, 191 Ky. 829.

As it is impossible to say from the record that the trial court allowed the introduction of incompetent evidence—evidence obtained through an unlawful search and seizure, granting that the search warrant was insufficient—there being sufficient competent evidence to carry the case to the jury and to sustain the verdict, no error is perceivable and the judgment must be and is affirmed.

Judgment affirmed.