## Commonwealth v. Warner and Honer.

(Decided April 27, 1923.)

### Appeal from Spencer Circuit Court.

Intoxicating Liquors—Search Warrant Unnecessary Where Whiskey is Exposed to View in Automobile.—Where several bottles of whiskey were scattered about defendants' automobile in plain view when the officers arrested defendants, so as to be visible at a reasonable distance without making a search, no search warrant was necessary, and defendants can be convicted for transporting such liquor.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, H. B. KINSOLVING, JR., and THAD CHEATHAM for appellant.

EDWARDS, OGDEN & PEAK, C. H. SANFORD and FRANK E. DAUGHTERY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Certifying the law.

The trial court directed the jury to find and return a verdict of not guilty against both Warner and Honer on a charge of transporting liquor by automobile along the public highway of Spencer county. The evidence shows that as the two men in one automobile passed through the county seat, the county attorney observed the car and believing it contained liquor called the sheriff's attention to it and the sheriff attempted to stop the car, but it passed on at a rapid rate to a village some six or seven miles from the county seat, where it was stopped by a barricade placed across the road by a merchant of that village at the instance and direction of the sheriff, made by telephone. The sheriff in his car followed and upon

arriving at the place with the county attorney found appellees Honer and Warner at or in their car with several bottles of whiskey scattered about in different places in plain view. At least one or more quart bottles of whiskey had been opened and passed by appellees to the crowd of bystanders. Seeing this, the officers arrested appellees and carried them to the county seat, where they were charged with the unlawful transportation of whiskey. On a trial they were convicted in the county court, but an appeal was had to the Spencer circuit court. At the conclusion of the evidence for the Commonwealth showing the foregoing facts the court peremptorily directed the jury to find and return a verdict for the defendants. Complaining of this the Commonwealth prosecutes this appeal.

We cannot tell from the order or judgment entered in the case upon what grounds the circuit court directed the jury to find and return a verdict of not guilty, but we presume it was upon the idea that the evidence offered by the Commonwealth was obtained in an unlawful manner, there being no search warrant, and being so obtained was incompetent and when excluded no evidence was left to sustain a verdict of guilty.

Where the whiskey, which it is charged was being unlawfully transported, is exposed to view and can be seen by persons within a reasonable distance of the automobile without making a search or uncovering the whiskey, no search warrant is required. Where the object is in plain view no search is necessary, for a search could only expose it or offer opportunities for doing so. Where no search is necessary no warrant is required. Royce v. Commonwealth, 194 Ky. 480.

The trial court erred in directing the jury to find and return a verdict of not guilty, and the law is so certified.