## Curry v. Commonwealth.

## Heflin v. Commonwealth.

(Decided May 8, 1923.)

### Appeals from Webster Circuit Court.

1. Arrest—By Sheriff After Detention by Another Held Proper.— Where a sheriff had observed accused driving an automobile while intoxicated, and accused had evaded the sheriff's attempt to stop him, whereupon the sheriff telephoned to another town and had accused detained there until the sheriff could arrive, the arrest of accused by the sheriff in the other town was not unlawful, in view of Criminal Code of Practice, section 41, authorizing arrest for an offense committed in the presence of an officer, even if the detention of accused on the telephoned request of the sheriff was not lawful.

2. Arrest—Temporary Escape from Sight of Officer During Pursuit Does Not Defeat Right to Arrest.—Where a sheriff had a right to arrest defendant for driving an automobile while intoxicated in the presence of the officer, the fact that during the pursuit of defendant there was a period of time in which he was out of the sight of the officer did not invalidate a subsequent arrest by the sheriff, when he overtook accused, who was being detained in another town.

3. Criminal Law—Liquor Found on Lawful Arrest for Driving While Intoxicated is Admissible on Charge of Transporting.—Where accused was lawfully arrested by a sheriff for driving an automobile while intoxicated in the presence of the sheriff, liquors found in the automobile when the arrest was made are admissible against defendant on a charge of unlawfully transporting the liquor.

4. Criminal Law—Evidence Lawfully Obtained in Arresting Another May be Used Against Defendant.—Where the driver of an automobile in which defendant was riding was lawfully arrested because he was driving in the presence of an officer while he was intoxicated, evidence as to the finding of intoxicating liquor in the automobile was admissible against defendant on a charge of transporting the liquor, for which he was properly arrested as soon as that evidence developed.

5. Criminal Law—Omission of Name from Direction for Arrest in Warrant Immaterial, Where Accused was Already in Custody.—A warrant on which defendant was tried in the county court was not insufficient because the name of the defendant was omitted from the direction for arrest, where defendant was already in custody, and did not have to be rearrested, so that the only object of a warrant was to formulate a charge against him.

F. J. PENTECOST for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In the Webster county court each of the above named appellants was tried and convicted on a separate warrant on the charge of unlawfully transporting spirituous liquor. On an appeal to the circuit court in a joint trial both were again convicted and the punishment of each fixed at a fine of $200.00 and imprisonment for thirty days, and also each was required to execute a peace bond for $1,000.00.

It is now urged that incompetent evidence was admitted and in the latter case that the warrant was in-

sufficient. It appears that the sheriff and his deputies responded to a hurried call to come to the country, going in a Ford machine, and near the place of trouble met the defendants in a large six cylinder Marmon car. Heflin was driving and Curry laying on the back seat with his feet hanging out and his hands dropped down. The sheriff discovered they were drunk and endeavored to arrest them for operating an automobile while intoxicated; he notified them that he was an officer and ordered them to halt, placing his machine directly in front of them. The driver paid no attention to him, but drove around him and up the road as rapidly as he could, with the sheriff following, and in the meantime notifying one Hays, deputy jailer at Dixon, over the phone of the facts, and that he was in pursuit, and for him to stop and hold them until he (the sheriff) arrived.

Hays was working at a garage and the defendants having distanced the sheriff approached it at the rate of ten or twelve miles an hour. He told them to halt and they failing to do so he jumped on the running board of the car, turned the ignition switch and stopped the car and held them there until the arrival of the sheriff a few minutes afterward, whereupon the latter placed them under arrest.

About the time the machine was stopped Curry arose from the rear seat and picked up a glass jar of liquor and dashed it to pieces on the bottom of the car. All of the witnesses say that this had the odor of whiskey.

After being taken in custody and in formulating the warrants for trial they were charged with the unlawful transportation of liquor as above indicated, evidence of this offense having been divulged in making their arrest on the former charge.

Unquestionably from the evidence the defendant Heflin was driving the machine while intoxicated and in the presence of the officers and the sheriff had the right to arrest him therefor. Under section 41 of the Criminal Code he had the right to summon any number of persons he needed to assist him. If after demanding defendants' arrest the latter endeavored to escape it would seem that the Code provision, *supra,* would authorize him to telephone ahead for assistance and such authority would authorize Hays to hold him until the sheriff arrived. Even if it did not, his arrest was made by the sheriff and the defendant was arrested for the offense committed in his presence, and its legality would not be affected by

the fact that Hays delayed the defendant until such arrival. If his conduct was illegal Hays might be liable civilly to the defendant, but as the arrest was made by the sheriff it is in nowise affected thereby. It is true that for a time defendant was out of the officer's sight, but if the offense was committed in the officer's presence and he then attempted to make the arrest and pursued the defendant until that was consummated it would be trifling with the facts to say that such arrest could not be made for the offense first committed in the officer's presence. Further, if lawfully arrested for this purpose, any evidence thereby discovered would be admissible against the defendant.

It might be said that Curry was not guilty of the first offense as he was not driving the machine, but as the evidence was developed in the arrest of Heflin and in a legal manner it is admissible for all purposes. It thus transpired that there was sufficient evidence that both were committing the offense of unlawfully transporting liquor in the presence of the sheriff, and he was authorized to arrest them both on that charge. The warrant sets out the offense charged with sufficient particularity. The only criticism of it is that in the direction for arrest the name of the defendant is left blank. This is immaterial as the defendants were already in custody and did not have to be rearrested, the only object of the warrant being to formulate the charge against him.

Perceiving no error judgment is affirmed.