PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ALEJANDRO OCASIO, Defendant and Appellant.

No. 2912.   Argued November 24, 1926—Decided July 12, 1927.

C. *Domingues Rubio* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Alejandro Ocasio was convicted of a violation of the National Prohibition Act and the lower court fined him $200.

The defendant appealed from the judgment and assigned as errors in his brief (1) that the complaint did not state sufficient facts to constitute a public offense, (2) that the seizure of the effects described in the complaint was made without a search warrant as required by section 25 of the National Prohibition Act, (3) that the judgment did not specify the kind of offense of those included in said Act, and (4) that there was no proof of the second offense alleged in the complaint.

The ground for the first and second assignments is that as the mere possession of intoxicating liquor is not a public offense, as was held in *People* v. *Muñoz*, 35 P.R.R. 331, it was not alleged in the complaint "that the liquor that was being distilled was not being manufactured for other purposes than mere possession," that is, for sale, transporta-

tion, etc., the prohibition of the law referring to its sale, transportation, etc., but never to its personal use.

The complaint reads as follows:

". . . the defendant Alejandro Ocasio then and there illegally, maliciously and wilfully had in his possession and under his custody as its legal owner a complete metal still for the distillation of rum, which is an intoxicating beverage; that it was found in his possession while he was using it for the manufacture of rum, an intoxicating beverage, with more than one-half of one percent of alcohol by volume, and is placed at the disposal of the court, with three quarts of rum in a *calabazo* and a glass flask, manufactured in the still and used in evidence. . ."

This is an offense under the National Prohibition Act and the punishment therefor is provided for in section 29 of the Act as follows:

"Section 29. Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 and be imprisoned not less than one month nor more than five years."

The complaint is sufficient to convince us that the *Muñoz Case, supra,* is distinct and inapplicable. The charge in the present case consists in having found the still in the possession of the defendant while he was manufacturing the intoxicating liquor known as rum. This allegation is sufficient. In a complaint for a violation of the National Prohibition Act it is not necessary to state that the defendant had no permit to manufacture intoxicating liquor, or include any other kind of negative defense. Section 32 of the Act, Statutes at Large 1919-1920, Vol. 41, part 1, p. 317. Such defenses are matters of pleading and proof on the part of the defendant.

The evidence tended to show that Sergio Díaz Cartagena, a policeman, on April 21, 1926, while on duty in the ward

of Guamaní of Guayama, saw on the farm of the defendant an apparatus (still) in operation distilling rum. There was a tin can resting on three stones with a charcoal fire underneath. Connected with the tin can which contained boiling mash was a rubber tube through which vapors from the mash passed into a worm. Everything showed that if the offense was being committed openly, to be seen by anybody who passed by, really the seizure of the apparatus, appliances and the liquor manufactured was not made under a search-warrant. The case is similar to others which have been decided by the authorities in the same way.

In Blakemore on Prohibition, pages 321 and 322, the following cases are cited:

"To justify seizure of property without a warrant it must appear that there was a violation of the prohibitory law in the presence of the officer (Stanley v. State (Okl.), 200 p. 229), as the Fourth Amendment is to be construed in view of the common law and as common law officers may arrest those who commit crimes in their presence and they may avert a crime in the process of commission in their presence by arrest, and without a search warrant they may seize the instrument of the crime. . .

"Where officers discover defendant picking up a jar of whisky concealed in a field they can arrest him and seize the liquor, since the crime was committed in their presence (Fletcher v. Commonwealth (Ky.), 245 S. W. 134 (second case); and where the officers come upon the defendant in an open pasture where he is pouring liquor out of a jug and one of them asks him about whisky and he says here it is and shows them a large can containing whisky, this evidence is competent although obtained without a search warrant (M'Clintic v. United States, 283 Fed. 781), as where intoxicating liquor is left openly so that any one within a reasonable distance can see it plainly no search warrant is necessary. Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795. . .

"Officers who see one operating a moonshine still may arrest him and seize the still and appliances without a warrant. (Bowling v. Commonwealth, 194 Ky. 112, 237 S. W. 381). . .

"The officer had a search warrant to search certain private

premises for intoxicating liquor, and on going in found no one there and took away a still and other apparatus for making liquor. The owner petitioned the court for its return, and the court holds that the officer having entered upon the premises without having committed a trespass and being lawfully there, and seeing a crime being committed, had a perfect right, and it was his plain duty, to seize the articles which were being used in committing the crime. In making such seizure the officer could not do so by virtue of the search warrant, but in the performance of his general duty to prevent the commission of crime. United States v. Camarota, 278 Fed. 388.'

See also the case of *United States* v. *James M. Lee, alias James M. Leach,* decided by the Supreme Court of the United States on May 31, 1927.

. The last two assignments of error are to the effect that the court did not set forth in the judgment that the second offense alleged in the complaint had been proved, and that the judgment is void because it does not specify the offense committed by the defendant under the National Prohibition Act. As to the second offense, it appears that if the trial court did not refer to that point in the judgment, it was because it did not take into consideration that element when imposing the fine of $200, which is much less than the maximum fine provided by law.

On the other hand, it is true that the judgment found the defendant guilty in general terms of violating the National Prohibition Act, but as it clearly appears from the record that the offense committed was the offense specified in section 3 in connection with section 29 of that Act, the judgment should be considered as modified so as to convict the defendant of violating said section 3 prohibiting the unlawful manufacture of intoxicating beverages, and as so modified the judgment appealed from should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.