## English v. Commonwealth.

(Decided December 6, 1927.)

### Appeal from Bourbon Circuit Court.

1. Criminal Law.—Evidence held sufficient to support conviction for possessing intoxicating liquors after previous conviction on another charge for the same offense.

2. Intoxicating Liquors.—Where officer found unconcealed whisky on floor of buggy in which defendant was riding and there was nothing to indicate that a search was made, no search warrant was necessary, and hence it made no difference whether the officer arrested defendant before he found the whisky or after.

GENE LAIR for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was indicted for the crime of having in her possession intoxicating liquors after she had been previously convicted on another charge for the same offense. The jury found her guilty and fixed her punishment at three years' confinement in the state penitentiary. It is insisted by her counsel that there was not competent evidence sufficient to take the case to the jury. This contention is based upon the ground that appellant had not been arrested by the officer at the time he found the whisky in her possession, but that he first searched the buggy in which she was riding and found the whisky and thereafter arrested her.

A witness testified that on the 28th day of July, 1926, the appellant came to his mother's home and heaped upon him considerable abuse, and that his mother called for a policeman to come and arrest her. He testified that while she was talking to him he saw whisky in her stocking.

Thereafter the officer came and arrested her, and he then saw the whisky in the possession of the officer. The officer testified that he was called by some one to quell a disturbance, and he went to the place and found appellant, who at the time was drunk and using abusive language, for which he placed her under arrest. As he approached the buggy he testified that he saw something drop apparently from appellant's lap to the bottom of the buggy, and it looked to him like it was a bottle. He picked it up and found that it was a bottle, which contained one-half pint of moonshine whisky. When the officer found the whisky she told him that she had just bought it from the witness first mentioned, and that she had paid him $1.50 for it. She told the officer that she had given him $5, and was waiting for her change.

It was proven by the sheriff of the county that the reputation of appellant was bad, and that she had the reputation of dealing in bootleg whisky. There was a man who was driving with her in the buggy. He stated that she was in his buggy against his will. He saw her with no whisky, although he expressed the opinion that she was drunk. He saw the officer when he came up to the buggy, but did not see him get the whisky. It was stipulated that appellant had been convicted prior to this trial on the charge of having in her possession whisky. The appellant testifying in her own behalf admitted that she had a fixed intention to obtain whisky that morning if she could find it. She testified that she bought it from the first witness referred to herein, and that she gave him $5, and that he was bringing the whisky to her in a half-pint bottle when some one announced that the policeman was coming, when he threw the whisky into the bottom of the buggy where she was sitting and fled. She testified that the officer came to her buggy and asked her what she was doing, and that he then began to search the back of the buggy. She said she had a jar of Vicks salve in her lap and it fell out of her lap to the bottom of the buggy, and when this happened the officer came to the front of the buggy and found the whisky and then told her he had to arrest her.

There is nothing to show that the whisky was concealed in the front part of the buggy, and the only proof that the officer searched the buggy at all is that of the appellant, who stated that he searched the back part of the buggy, and when he came around to the front he

found the whisky. There is nothing to indicate that a search was necessary. If the officer is correct, he saw something fall out of her lap, and when he picked it up he found that it was whisky. According to her testimony, the person from whom she bought it threw it into the front part of the buggy where the officer found it when he came around in front of the buggy. No search warrant was necessary under the circumstances and therefore it made no difference whether he arrested appellant before he found the whisky or after.

Judgment affirmed.