## Young v. Commonwealth.

(Decided October 4, 1929.)

O. B. BERTRAM and L. C. WINFREY for appellant.

J. W. CAMMACK, Attorney General, and GEORGE HUNT MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Jack Young prays an appeal from a judgment convicting him of the unlawful possession of intoxicating

liquor. As a ground for reversal it is urged that the trial court erred in admitting incompetent evidence and that there was not competent evidence sufficient to take the case to the jury. The only witness was F. H. Winfrey, town marshal of Columbia. His testimony in substance was as follows:

On the night of June 13, 1929, he was standing on the street near Moore's restaurant. The appellant drove up in a closed one-seated automobile, parked it and went into the restaurant. While he was in the restaurant, the witness went to appellant's car, opened the door, and, when the door was opened, smelled the odor of liquor and discovered a keg in the car. He took possession of the liquor, and arrested appellant, charging him with the unlawful possession of intoxicating liquor. He claims that he did not enter the automobile for the purpose of searching it for liquor, but that it was raining, and he got into the car for the purpose of protecting himself from the rain, and with the intention of requesting appellant to drive him to his home, when appellant came out of the restaurant.

It is insisted for the commonwealth that no search warrant was necessary, since the liquor was in plain view, and was discovered by the officer without a search, and English v. Commonwealth, 222 Ky. 218, 300 S. W. 596, Commonwealth v. Warner & Honer, 198 Ky. 784, 250 S. W. 86, and Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795, are relied on in support of this contention. Neither of the cases relied on is controlling, since the facts in each are distinguishable from the facts here. In the English case the defendant was arrested for being drunk and using abusive language. At the time she was arrested she was in the vehicle of another against the latter's will, and when the officer came up to the vehicle to arrest her the whisky was in plain view. In both Royce v. Commonwealth and Commonwealth v. Warner & Honer the unlawfully possessed liquor was exposed to view, and could be seen by persons within reasonable distance of the automobile without making a search, and it was properly held that, under such a state of facts, no search warrant was required.

Here the whisky in appellant's car was not exposed to view, and could not be seen by persons within a reasonable distance of the car without making a search. The car was closed, and it was necessary to open the door before the whisky was disclosed to view. Appellant had

committed no offense in the presence of the officer, and he had not given the officer permission to enter his automobile. It was his private property, and the officer had no right to enter it without the owner's consent. Had he not opened the door and entered the car, the liquor would not have been discovered.

It is urged that the officer did not open the door for the purpose of searching the car for liquor, but for the purpose of obtaining shelter from the rain, and that after he had entered the car for that purpose the liquor was in plain view, and no search was necessary. Such a specious pretext, if approved and tolerated, would lead to abuses that would defeat the whole purpose of the constitutional provision against unreasonable search and seizure.

We are of the opinion that the evidence complained of was incompetent, and should not have been admitted. Wherefore the motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.