## Morris v. Commonwealth.

(Decided December 6, 1929.)

JAMES B. ADAMSON and J. W. McKENZIE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Stanley Morris is asking for a reversal of a judgment imposing upon him two years' confinement in the penitentiary for the illegal possession of whisky.

In February, 1927, the grand jury of Boyd county returned an indictment against Morris in which it was charged that in that month he had had in his possession intoxicating liquor (whisky) not for sacramental, scientific, medicinal, or mechanical purposes, and it was further charged that Morris had on 22d day of September, 1925, been convicted of having unlawfully had possession of whisky after March 22, 1922, for other than the above named purposes. After his conviction Morris filed a number of grounds for a new trial, but the court overruled his motion. On this appeal he has abandoned many of these. We shall mention only those relied on here, which we shall state as we reach them.

During the trial Mr. Claude Hays, a policeman of Ashland, offered to testify that on February 3, 1927, after he had arrested Morris for operating an automobile in the night-time without lights, he saw in the automobile that Morris was then driving 30 gallons of moonshine whisky. To the admission of this evidence Morris objected. It is admitted the officer had no search warrant of any kind, nor did he have a warrant for the arrest of Morris. The only reason urged for the admission of this evidence is that the whisky was seen in this machine by this officer when he arrested Morris, which arrest the officer claims he had a right to make because Morris had committed an offense in his presence by operating this automobile without having the lights displayed (lighted).

It was shown this arrest was made about 6:30 p. m. on the day stated above, and we know judicially that in February that was within the period the law requires the lights to be lighted. See Ky. Stats., secs. 2739g23, and 2739g24. If Morris was operating this automobile in the

presence of this arresting officer at that time without the lights burning, then Morris had committed an offense for which the officer could arrest him without a warrant and the officer could testify to what he saw in this automobile at the time he made the arrest.

Other officers who thereafter saw this automobile and this whisky were also permitted, over the objection of Morris, to testify to what they saw. Of course, their evidence is to be treated just as the evidence of Hays. All of it depends on the legality of this arrest.

Counsel for both sides in their discussion have treated this whisky as so exposed in this automobile as to bring it within the rulings in: English v. Com., 222 Ky. 218, 300 S. W. 596; Com. v. Warner & Honer, 198 Ky. 784, 250 S. W. 86; Royce v. Com., 194 Ky. 480, 239 S. W. 795; Curry v. Com., 199 Ky. 90, 250 S. W. 793. We shall, without deciding whether it was or not, in our discussion, treat it as if it were. At this point it is necessary that we state in more detail the occurrences at and immediately before this arrest.

Front and Greenup streets in the city of Ashland are parallel to the Ohio river. They run practically north and south and are 300 feet apart. Midway between them is an alley. Morris was traveling this alley and entered it at Fifteenth street. He was going south, and before he was arrested he had crossed Sixteenth, Seventeenth and Eighteenth streets, and was arrested in this alley between Eighteenth and Nineteenth streets.

The arresting officer, Hays, said Morris had his lights burning as he came through this alley from Fifteenth street; that he stopped at and backed into a garage and stayed there for about 10 minutes, and had his lights turned off while he was there; then he came out of the garage, turned on his lights and kept them burning until he got to Sixteenth street, when he turned them off, crossed Sixteenth street, and continued in the alley until Hays overtook him and arrested him between Eighteenth and Nineteenth streets.

Officer James Layne was stationed on Fifteenth street at the end of this alley. His testimony agrees with that of Hays that Morris had his lights burning until he stopped at the garage, but he contradicts Hays and says that Morris did not turn on his lights again when he left the garage, and he says Morris drove from the garage to Sixteenth street with his lights turned off.

This was all the evidence introduced by the commonwealth on the question.

The defendant took the stand in his own behalf, and he testified his lights were burning all the time and were never turned off until officer Hays turned them off after he arrested him, and that the officer turned these lights off and turned off the motor at his request.

William Castle testified he was on Sixteenth street and saw this car in the alley between Fifteenth and Sixteenth streets, and that the lights were burning. He does not say whether these lights were burning as this car crossed Sixteenth street.

Claude Hays was recalled and re-examined in rebuttal, but he did not deny what Morris said about his turning off these lights after arresting Morris.

Thus we see there was much conflict and contradiction in the evidence on the question of the operation of this machine without lights, and hence there was much question about the officer's right to arrest Morris when he did. This is a preliminary question of fact on which depends the admissibility of the evidence of the officer concerning the whisky he saw in this machine when he arrested Morris.

Morris was never tried on the charge of operating this car without lights.

The admissibility of the evidence of this officer about seeing 30 gallons of moonshine whisky in this automobile, and the evidence of others about seeing it after the arrest, depends entirely on the prelimniary question: Was Morris operating this machine in the presence of the officer without having his lights burning?

The answer to that question determines the admissibility of this evidence, and in this case the legal establishment of the defendant's guilt.

If the evidence of this arresting officer relative to this whisky is admissible, Morris is lawfully shown to be guilty; if it is not admissible, he ought to be acquitted for the evidence, thus obtained, relative to that whisky, is all the evidence there is against him. The admissibility of this evidence depends on the preliminary fact. Who is to say what that fact was? In view of the conflicting evidence relative thereto, a reasonable man might find either way. He might say the lights on the automobile were burning, or he might say they were not, and as good

reasons could be given for reaching one conclusion as the other.

The court found the lights were not burning and admitted the officer's evidence about the whisky. We are persuaded that in doing so, without submitting to the jury the question of the defendant's alleged operation of this automobile without lights, the court fell into error. The court should have admitted the officer's evidence relative to seeing the whisky when he arrested Morris, but should have given the jury an instruction to acquit the defendant unless they should from the evidence believe and find to the exclusion of a reasonable doubt that at the time and place mentioned, and in the presence of this officer, the defendant was operating this automobile without having the lights burning. This applies also to the evidence of others who saw this whisky after the arrest.

In 16 C. J. p. 926, sec. 2286, we find this:

"The decision of a preliminary fact on which the admissibility of evidence depends is, as a general rule, for the court, and should not be left to the jury. But it has been held that, where the evidence as to the preliminary fact is conflicting and doubtful, the court should submit the matter to the jury, with instructions to disregard evidence offered unless they find in favor of the preliminary fact."

Practically the same, this is stated in 1 Randall on Instructions to Juries, p. 187, sec. 101.

In harmony with this are our decisions in cases of: Billings v. Com., 223 Ky. 381, 3 S. W. (2d) 770: Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467; Bennett v. Com., 226 Ky. 529, 11 S. W. (2d) 437; Gilbert v. Com., 111 Ky. 793, 64 S. W. 846, 23 Ky. Law Rep. 1094; Keller v. Com., 230 Ky. 815, 20 S. W. (2d) 998; Mattingly v. Com., 202 Ky. 343, 259 S. W. 710; Craft v. Com., 80 Ky. 349; Elmendorf v. Com., 171 Ky. 410, 188 S. W. 483; Bowling v. Com., 79 Ky. 606; Smith v. Com., 148 Ky. 69, 146 S. W. 4; Deaton v. Com., 157 Ky. 308, 163 S. W. 204; and Crenshaw v. Com., 227 Ky. 223, 12 S. W. (2d) 336. The last six cases are cases involving the evidence of accomplices or acts or declarations of coconspirators, and it is suggested they ought not to be considered as authority on this question because of the special statute. What is called the special statute is section 242 of the Criminal

Code, which is: "In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite, to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdect of acquittal, by which instruction they are bound." Careful consideration of this section shows the rulings in these six cases were not based on it, but are based on the same thing as our rulings in the other cases, and that seems to be:

Whenever the admissibility of evidence, challenged under a technical rule, depends upon a preliminary and disputed question of fact, the showing made relative to such preliminary fact being such that a reasonable man might find either way and the offered evidence is practically decisive of the ultimate question in the case, the trial judge should admit the offered evidence, and pass the question of its admissibility to the jury by proper instruction. In this case the evidence relative to whisky the officer saw in the automobile when he arrested Morris, and what others saw in it afterwards, should have been admitted and the court should have instructed the jury as stated above.

His next ground urged for reversal is that the court erred in overruling his motion for a peremptory instruction. This contention is bottomed on what he contends was a failure to prove the offense for which he was convicted (on September 22, 1925) was committed subsequent to March 22, 1922; but as that proof may be furnished on the next trial, we need not discuss the question further.

While Morris was on the stand, the attorney for the commonwealth asked him about this whisky. Counsel for Morris interposed an objection which the court sustained. The basis of this objection is the constitutional inhibition against compelling a man to give evidence against himself. Morris had that constitutional right, but when he offered himself as a witness he waived this constitutional right and may be subjected to cross-examination and compelled to answer just as any other witness.

His status as a witness is not analagous to that of a witness testifying under coercion, who may refuse to answer questions the answers to which would incriminate the witness.

The judgment is reversed.

The whole court sitting.