## Bailey et al. v. Commonwealth.

June 21, 1949.

Williams & Allen, Gardner & Gardner and T. J. Arnett for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Wallis Bailey and his son, Ova, were found guilty of manslaughter on the charge of killing Prater Trusty and each sentenced to five years in prison. Trusty was a brother-in-law of Ova Bailey. Both of the Baileys were deputy sheriffs of Magoffin County at the time of

the killing and both had served for several years as peace officers.

On this appeal it is contended that (1) the verdict is flagrantly against the evidence; (2) the jury was erroneously instructed; and (3) a motion to set aside the indictment should have been sustained. Since we have reached the conclusion that there was not sufficient evidence to warrant the submission of the case to the jury, we shall confine our consideration of the case to that question.

Trusty had been drinking and fighting with a man by the name of Dyer at Royalton on the day he met his death. He met the Baileys near Salyersville and asked them to go arrest his assailant in Royalton. The Baileys told him it would be necessary to get a warrant from the county judge or magistrate before going to Royalton, so he got in their car and went with them to the courthouse. On being unable to find an officer Wallis Bailey told Trusty to go and have a head injury dressed and he would try to find an officer who could issue a warrant. Trusty replied, "I don't want my damn head dressed." He then called his brother, Luther, and went to his home where he got a single shot shotgun and some shells. He returned to Salyersville with his sister. When he was near the courthouse he got the shotgun out of his brother's car and went toward the Baileys who were sitting in front of the courthouse. Trusty, who was standing near the middle of the street, again demanded that the Baileys go with him to Royalton. The Baileys asked him to put his gun down and give it to them and started walking toward him. When the officers were a few feet from the curb Trusty lowered the angle of his shotgun which had been pointed in their direction and it was discharged. Some of the shot hit Wallis Bailey in the foot. There is some conflict in the proof as to whether the charge from the gun struck the street before it hit Bailey. Both of the Baileys said that immediately before the gun was fired Trusty said, "If you step another step I will kill both of you sons of bitches." Wallis Bailey dropped down and grabbed his foot after he was shot and came up with his pistol in his hand. Both of the officers began firing at Trusty, some of the bullets striking him in the side and back. There is evidence showing that, immediately upon the

gun being discharged, Trusty unbreached it, then turned and ran toward some parked cars on the other side of the street. He fell dead after going only a short distance. Several shotgun shells were found in his pocket.

There was no showing of any previous difficulty between the Baileys and Trusty. Trusty was drinking and in a belligerent mood. He had been in a fight at Royalton and was insisting that the officers go with him to arrest his assailant. On the other hand, the Baileys, who were experienced officers, told Trusty they would go with him after they secured a warrant for Dyer's arrest. Their conduct up until the time Trusty returned to the courthouse with the shotgun was all that could have been expected of a peace officer. When Trusty returned with the gun the Baileys did what they should have done; namely, they sought to disarm him. They knew that Trusty was drinking; that he had been in a fight; that he was in a belligerent mood; and that it was dangerous for him to be armed. Trusty's attitude toward the Baileys was one of a hostile nature. He fired first. The shot may or may not have been fired accidentally. In either event Trusty had refused to surrender the gun upon the request of the officers; he had it cocked and pointed in their direction; and was backing away from them when it was discharged. He unbreached the gun and started running toward some parked cars. Under the circumstances it was not only their right but the duty of the officers to shoot Trusty if it became necessary to do so to take him into custody. They had every right to believe that Trusty intended to continue the affray from behind the parked cars. He did not surrender his gun and was preparing to reload it. The officers had not only the right to protect themselves, but the shooting having been committed in their presence it was their duty as peace officers to use whatever force they deemed necessary to take Trusty in custody. Collins v. Commonwealth, 192 Ky. 412, 233 S. W. 896; Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795; Partin v. Commonwealth, 197 Ky. 840, 248 S. W. 489.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.