# Barnes v. Commonwealth.

September 30, 1947.

E. B. Beatty, Judge.

J. M. Wolfinbarger and Ezart Ashcraft for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Highway Patrolman A. H. Pace overtook a truck owned and being driven by appellant in Estill County. Pace caused appellant to stop and placed him under arrest for speeding. He thereupon searched the truck and found thirty cases of beer. He then charged appellant with having alcoholic liquor in his possession for sale in local option territory, upon which charge he was tried and convicted. He contends that the judgment should be reversed, because (1) the verdict was not supported by the evidence and was the result of passion and prejudice on the part of the jury; and (2) if wrong in this contention, the Court erred in his instructions to the jury.

The patrolman's right to search the truck rests upon proof that appellant was driving it in excess of forty miles per hour in the presence of the officer. KRS 189.390(3). Pace testified that appellant was driving the truck at a speed of fifty to fifty-five miles per hour. Appellant and one of his employees who was riding in the truck at the time testified that the truck was not being driven over twenty-five or thirty miles per hour. Clearly this evidence raised an issue for the determination of the jury in respect to the legality of the search. Pace testified that he did not taste, smell, or otherwise test the contents of the bottles, but that they were labeled "Red Top" and "Budweiser" beer; and although he had never tasted beer, he was familiar with the fact that it was intoxicating. The Act prohibiting the possession of alcoholic beverages in local option territory defines alcoholic beverage as "alcoholic brandy, whiskey, rum, gin, beer, ale, porter, wine and all other spiritous, vinous, malt or fermented liquors, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing more than one percent of alcohol by volume, which are fit for use for beverage purposes." KRS 242.010(1). It will be noted that the

Act, unlike previous Acts which have been construed by this Court, does not require the contraband to be intoxicating. It prohibits any person from having beer in his possession for sale in local option territory; and we deem it unnecessary to discuss the question of whether the phrase, "containing more than one percent of alcohol by volume," modifies the word "beer," or whether it modifies only the phrase, "and all other spiritous, vinous, malt or fermented liquors, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called," because it is a matter of common knowledge that beer, especially such well known brands as were found in the possession of appellant, contains more than one per centum of alcohol by volume. The testimony of Pace and others concerning the enormous quantity of beer seized, together with the testimony that the reputation of appellant for trafficking in the illegal sale of intoxicating liquors is bad, was sufficient evidence for the jury to conclude that appellant was in possession of beer for the purpose of sale in local option territory. It is apparent that the evidence was sufficient to submit the case to the jury and to sustain the verdict.

But appellant's second contention is more serious, and must be sustained. The Court instructed the jury as follows:

"The Court instructs the jury that if the defendant, Asa Barnes, committed the offense of speeding on the highway, or any other offense, in the presence of the State Highway Patrolman, he had the right to arrest him, and if he had the right to arrest him, of course, he had the right to search him.

"The Court further instructs the jury that the defendant, Asa Barnes, not having shown that the beer or alcohol in his possession was obtained lawfully or was to be used for lawful purposes, you will find him guilty as charged in the indictment and fix his punishment by a fine or not less than $20 nor more than $100 and by imprisonment in the County jail for not less than thirty days nor more than sixty days, in your discretion, unless you believe that the Patrolman had no right to make the arrest as was done.

"If you have a reasonable doubt of the defendant

having been proven guilty, then you will find him not guilty.

"I will say further that in considering your verdict, you have the right to consider the reputation of the man as to whether or not he is engaged in the sale of alcoholic beverages; that is competent for you to consider in arriving at your verdict. If the arrest was legal, the burden is upon the defendant to show if this was acquired lawfully and was for lawful purposes."

The instructions are erroneous in several particulars, viz.: (1) They fail to inform the jury of the speed limit for trucks on rural highways which is established by the provisions of KRS 189.390(3); (2) they authorized the jury to conclude that appellant's arrest for speeding was lawful if he had committed any other offense in the presence of the officer, whereas it is not contended by the Commonwealth, and the evidence does not indicate, that appellant had committed any offense other than speeding, and, of course, the offense for which he was on trial; (3) they fail to require the jury to believe the evidence for the Commonwealth to the exclusion of a reasonable doubt; (4) they take from the jury their exclusive function to determine whether the bottles seized in the search contained beer; and (5) they emphasize the evidence in respect to appellant's reputation for engaging in the illicit sale of alcoholic beverages by specific reference thereto. KRS 189.390(3) provides:

"No person shall operate any motor truck or semi-trailer truck on a highway outside cities at a greater speed than thirty miles per hour, if its gross weight, including load, exceeds five thousand pounds, or at a greater speed than forty miles per hour, if its gross weight, including load, shall be five thousand pounds or less. * * *"

The evidence in this case failed to disclose the weight of the truck and its load at the time of appellant's arrest. That being true, he was entitled to the benefit of the doubt, and the Court should have instructed the jury that the speed limit was forty miles per hour. We have prepared the following instructions which will be given on the next trial, subject to modification in accordance with KRS 189.390(3) in the event the Commonwealth

introduces proof that the truck and its load weighed in excess of five thousand pounds:

Instruction No. 1. If the jury shall believe from the evidence, beyond a reasonable doubt, that at the time and place mentioned in the evidence the defendant, Asa Barnes, in the presence and sight of Patrolman Pace, operated his truck at a speed greater than forty miles per hour, and shall further believe from the evidence, beyond a reasonable doubt, that the bottles seized by Patrolman Pace, upon his search of defendant's truck after the defendant's arrest on the occasion mentioned in the evidence, contained beer, you will find the defendant guilty and fix his punishment by a fine of not less than Twenty Dollars nor more than One Hundred Dollars, and by imprisonment in the County Jail for not less than thirty days nor more than sixty days, in your discretion. But unless you so believe, you will find the defendant not guilty.

Instruction No. 2. If upon the whole case you entertain a reasonable doubt that the defendant has been proven guilty, you will find him not guilty.

The judgment is reversed, with directions that it be set aside and that appellant be granted a new trial to be conducted in conformity with this opinion.