## Gossett v. Commonwealth.

November 23, 1948.

Fritz Krueger for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

On appeal to the Circuit Court from a conviction in the Adair County Court appellant, Walter Gossett, Sr., jointly tried with his son, Walter Gossett, Jr., was convicted of transporting intoxicating liquor in Local Option Territory for the purpose of sale. He was found guilty and punishment fixed by fine of one hundred dollars ($100.00), and sentence of confinement in the county jail for a period of sixty (60) days.

The testimony for the Commonwealth shows that at about 4:00 on the afternoon of February 5, 1948, the Sheriff of Adair County and the Chief of Police of Columbia observed appellant's son, Walter Gossett, Jr., with his father as a passenger, driving an automobile at an estimated speed of eighty (80) miles per hour. The officers pursued the car, overtook it, and placed the Gos-

setts under arrest on a charge of reckless driving. They searched the automobile and found six (6) cases of whiskey therein. They immediately thereafter obtained a warrant for both of the defendants charging them with the crime of which they were convicted. Appellant did not testify either in his or his son's behalf, but the latter testified that he was not driving at an excessive rate of speed nor in a reckless manner.

Appellant assigns three alleged errors as grounds for reversal of the judgment. The first is that the Court in instructing the jury failed to submit the issue raised by the evidence as to the commission of the offense of reckless driving in the presence of the arresting officer as a prerequisite to the jury's right to consider evidence discovered in the search of the automobile in which appellant was riding. This contention has been upheld by this Court in a long line of decisions, some of which are: Mattingly v. Commonwealth, 202 Ky. 343, 259 S. W. 710; Morris v. Commonwealth, 231 Ky. 838, 22 S. W. 2d 295, and Barnes v. Commonwealth, 305 Ky. 481, 204 S. W. 2d 801. Since the judgment must be reversed on this account, and since it is unlikely that the other alleged errors will occur on a second trial, we specifically reserve a determination of the questions raised, but not discussed, herein.

The judgment is reversed.