## Simpson v. Commonwealth.

December 10, 1948.

T. J. Underwood for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from a conviction of carrying concealed a deadly weapon. The penalty imposed is two years in the penitentiary. KRS 435.230.

The evidence of the Commonwealth is that the sheriff and two other officers passing along the street in a colored section of Lancaster saw the appellant, Otto Simpson, coming out of a yard staggering. He crossed the sidewalk and was about to enter an automobile. They stopped and came back just as he got in the car. The officers saw him slip a revolver out of his hip pocket onto the automobile seat. It was fully loaded. They arrested him and searched his person finding among other things two pair of dice. Simpson pleaded guilty in the county court to the charge of being drunk in a public place.

The defendant testified that he had got in the automobile and started to turn off the lights when the officers' car passed. He had counted his money and was putting it back in his pocket when they came to the car. He got out at the command of the officers, and they searched him without telling him that he was under arrest. He had bought the pistol that day to take home for protection, and it was lying unconcealed on the seat of the car. After he had been searched he was arrested on the charge of drunkenness.

The instructions predicated the authority of the jury to find the defendant guilty of the charge of carrying concealed a deadly weapon on or about his person upon the belief beyond a reasonable doubt that at the time the pistol was seen he was under lawful arrest and that, in turn, was based upon the belief beyond a reasonable doubt that the defendant was drunk and preparing to drive the automobile in view and presence of the officers.

The appellant argues that there was an illegal arrest and search. This is predicated upon the defendant's testimony and disregards the Commonwealth's evidence. His lawyer claims that he was in a private yard when arrested and, therefore, was not guilty of an offense even though he was drunk. The only basis for this argument is found in the appellant's brief, except a statement by one of the officers that he had seen the defendant coming out of the yard. It is argued that the defendant was entitled to a directed verdict of acquittal, or at least to instructions based upon his having been drunk in a public place and was preparing to drive the car on

a public highway. With respect to the omission from the instructions as to a purpose to drive the car upon a highway, we think the jury could reasonably assume that was where the defendant was going to drive it, if anywhere. We think the instructions given were as favorable to the defendant as he was entitled to and that they are fully sustained by the proof. Giannini v. Garland, 296 Ky. 361, 177 S. W. 2d 133; Morris v. Combs' Adm'r, 304 Ky. 187, 200 S. W. 2d 281; Commonwealth v. Chaplin, 307 Ky. 630, 211 S. W. 2d 841; Barnes v. Commonwealth, 305 Ky. 481, 204 S W. 2d 801.

Complaint is made that the appellant was prejudiced by the fact that one of the jurors in this case had sat upon another jury which had just tried him for having moonshine in his possession at the same time and place. The only place in the record that this statement appears is in the motion and grounds for a new trial, and it is not shown there or elsewhere that any objection was made to the juror. Not being in the bill of exceptions the ground cannot be considered on appeal.

The judgment is affirmed.