## Cline v. Commonwealth.

April 21, 1950.

John B. Rodes, Judge.

646

G. D. Milliken, Jr., for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

JUDGE REES—Reversing.

Herbert Cline has been convicted of the crime of storehouse breaking, and sentenced to confinement in the penitentiary for a term of two years. He seeks reversal of the judgment on two grounds: (1) The only evidence tending to connect him with the crime was obtained by an unlawful search and should have been excluded; and (2) the court failed to instruct the jury on the whole law of the case.

The furniture store of Sam Kirtley in Bowling Green was entered on the night of January 10, 1949, and, among other articles, a Zenith portable radio was stolen. Acting on information received from an anonymous source, the chief of police, accompanied by another policeman, on the night of January 20, 1949, went to appellant's apartment which was located on the second floor of a building in Bowling Green. The officers had no warrant of arrest for appellant and no search warrant for his premises. They knocked on the door to ap-

pellant's apartment, and when he opened the door asked him if he had a radio. He replied that he did not. The officers claimed they could see into the adjoining room through a door which was ajar, and could see a radio on the floor. They inquired as to the ownership of the radio, and appellant said it belonged to the occupants of the apartment in the rear of the building. The chief of police testified that he told appellant that he wanted to see the radio, and appellant said: "All right." The two policemen walked into the bedroom where appellant's wife was preparing to retire, examined the radio, and found that it answered the description of the stolen radio, including the serial number. The evidence of appellant's possession of the stolen property was the only evidence introduced by the Commonwealth tending to connect him with the crime. Both appellant and his wife denied that he said "all right" when the chief of police expressed a desire to see the radio, and they denied that appellant at any time gave the officers permission to enter the apartment and make a search. It is argued on appellant's behalf that his acquiescence was induced by fear of the officers and respect for their apparent authority, and did not constitute a voluntary consent to the search nor a waiver of his constitutional right of immunity from illegal search and seizure and that the evidence obtained by the search should have been excluded. It is suggested by the attorney for the Commonwealth that appellant waived the incompetency of the testimony by failing to object to it at the time it was offered, but we find that timely objection was made. The court reserved its ruling, but later overruled the objection and appellant excepted.

The owner or person in charge of a house at the time a search is made may consent to the search, thus waiving the constitutional guaranty against unlawful search and seizure and rendering competent evidence so obtained. Morris v. Commonwealth, 306 Ky. 349, 208 S. W. 2d 58; Banks v. Commonwealth, 190 Ky. 330, 227 S. W. 455. The consent, of course, must be voluntary and not coerced. We find no evidence of coercion in the present case. The sole question was whether appellant consented to the search. The two police officers testified that he gave them permission to enter the apartment and examine the radio which they claimed could be seen from the door entering from the hall, while appellant

and his wife strenuously denied that permission to enter the apartment was given. It is insisted that the prima facie presumption of guilt raised by possession of the stolen property was completely overcome by a satisfactory explanation of his possession by appellant supported by the uncontradicted testimony of three witnesses, and that a directed verdict of acquittal should have been returned. Appellant testified that he purchased the radio for $25 from a stranger who said he was out of funds and on his way to California. Appellant was corroborated by his wife, sister and mother-in-law. The sister and mother-in-law were impeached . It was for the jury to say whether the story told by these witnesses was probable and whether appellant's explanation of his possession of the radio was satisfactory.

The most serious question presented is whether the court erred in failing to instruct the jury on the issue of fact as to whether appellant gave voluntary consent to the search of his home. The general rule is that the competency, admissibility and sufficiency of evidence is for the court, and the weight, effect and credibility thereof is for the jury. Muncie v. Commonwealth, 308 Ky. 155, 213 S. W. 2d 1019; Kitchen v. Commonwealth, 291 Ky. 756, 165 S. W. 2d 547; Bardin v. Commonwealth, 191 Ky. 651, 231 S. W. 208. However, contrary to the rule followed in most jurisdictions, this court has held, where admissibility of evidence depends upon a preliminary disputed fact question and the offered evidence is practically decisive of the case, the trial court should admit the evidence and instruct the jury on the disputed fact question bearing on its admissibility. In Morris v. Commonwealth, 231 Ky. 838, 22 S. W. 2d 295, 297, the defendant was tried for the illegal possession of intoxicating liquor and convicted. Whisky was found in his automobile after he had been arrested for a violation of the traffic laws allegedly committed in the presence of the arresting officer. The officer had no search warrant. The admissibility of the evidence concerning the whisky found in the automobile depended on the preliminary question of fact, had the defendant committed an offense in the presence of the officer justifying the arrest and the subsequent search? The judgment was reversed because the court failed to submit to the jury this preliminary fact question with instructions to disregard the evidence concerning the whisky found in the automo-

bile unless they found in favor of the preliminary fact. In the opinion it was said: "Whenever the admissibility of evidence, challenged under a technical rule, depends upon a preliminary and disputed question of fact, the showing made relative to such preliminary fact being such that a reasonable man might find either way and the offered evidence is practically decisive of the ultimate question in the case, the trial judge should admit the offered evidence, and pass the question of its admissibility to the jury by proper instruction. In this case the evidence relative to whisky the officer saw in the automobile when he arrested Morris, and what others saw in it afterwards, should have been admitted and the court should have instructed the jury as stated above."

In Mattingly v. Commonwealth, 202 Ky. 343, 259 S. W. 710, the defendant was accused of possessing a moonshine still. Parts of the still were found when his premises were searched. The officers had no search warrant, but claimed that permission to make the search was given. This was denied. The judgment of conviction was reversed because the trial court failed to submit to the jury the disputed question of fact as to whether or not the search was made with the defendant's permission. This rule has been followed consistently in this jurisdiction. Gossett v. Commonwealth, 308 Ky. 729, 215 S. W. 2d 279; Barnes v. Commonwealth, 305 Ky. 481, 204 S. W. 2d 801; Billings v. Commonwealth, 223 Ky. 381, 3 S. W. 2d 770. This is described as an unorthodox practice in Wigmore on Evidence, Third Edition, Vol. 9, section 2550. As heretofore stated, in most jurisdictions the preliminary question of fact as to the admissibility of evidence is solely for the trial judge's determination, but we are unwilling now to discard the rule so firmly established in our practice.

The judgment is reversed with directions to grant appellant a new trial.