## Moore v. Commonwealth.

September 29, 1950.

John L. Davis, Judge.

John W. Coomes for appellant.

A. E. Funk, Attorney General, James F. Thomas, Commonwealth's Attorney, and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

Clyde Moore appeals from a conviction of willfully and maliciously striking another with a deadly weapon with the intent to kill him and sentenced to three years and six months in prison. KRS 435.170(2).

The proof against the defendant is that he threw a rock or piece of brick and struck a young white boy, William P. Jones, in the head and seriously wounded him. The defendant denied having thrown the rock or brick at Jones, but admits that he threw it at Herbert Tingle, one of two men with Jones. There was an affray between some white and colored men in a Negro section of Eminence about midnight of July 1, 1948, where the white men had gone to get intoxicating liquors.

The court gave a proper instruction on reasonable doubt as to the proof of guilt of the degrees of the charge, viz., of the felony or of assault and battery, but apparently through oversight failed to give a reasonable doubt instruction as to the guilt of the defendant of either offense. Criminal Code of Practice, Sec. 238. The Attorney General concedes this to be a reversible error. Lindon v. Commonweath, 257 Ky. 746, 79 S.W.2d 202.

In defining the word ''maliciously'' the court followed the definition given in Sec. 810, Stanley's Instructions to Juries, which form was taken from Alexander v. Commonwealth, 216 Ky. 376, 287 S.W. 933, although the court had not considered that particular instruction. The form may be applicable under some circumstances of criminal negligence, but it is not appropriate where the facts are like those in the instant case. The proper form should have been and should be like that published in Sec. 907, Stanley's Instructions to Juries, or that approved in the late case of Wooten v. Commonwealth, 299 Ky. 598, 186 S.W.2d 652.

Other criticisms of the instruction are made and other grounds for a reversal submitted, but it is not necessary to consider them.

The judgment is reversed.