## PARKER v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 17, 1951.

Redwine & Redwine, Winchester, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Milton Parker, was convicted under KRS 431.190, Habitual Criminal Act, in the Montgomery Circuit Court and sentenced to confinement in the penitentiary during his life.

The indictment charged that he was guilty of false swearing, and further, that theretofore he had been convicted of chicken stealing, and malicious cutting and wounding with intent to kill, both of which are felonies.

Appellant contends that the instructions given at the trial were erroneous.

We have uniformly held that the jury must, under proper instructions, find that the offenses and the convictions were successive before the provisions of KRS 431.190 are applicable, and have stated the reason for such a rule in the case of Cobb v. Commonwealth, 267 Ky. 176, 101 S.W. 2d 418, by quoting with approval, the following language: "The statute was manifestly intended to provide an increased penalty for a subsequent offense, in order to deter the offender from its repetition. After punishment is imposed for the commission of a crime, the double penalty is held in terrorem over the criminal, for the purpose of effecting his reformation, and preventing further and subsequent offenses by him. So we find that for a third offense the punishment of imprisonment for life is provided by the act, upon the theory, doubtless, that he must be regarded as incorrigible. The reformatory object of the statute, namely, to provide a deterrent from future crime, would not be effected by a construction which gives to the offender no opportunity to reform. Moreover, 'doubtful questions as to the severity of the penalty are to be resolved in favor of the accused.'"

The instructions given in this case do not require that the jury find that the offenses were committed in succession after each conviction, and are, therefore, erroneous.

For the reason stated, the judgment is reversed and the case is remanded for proceedings consistent with this opinion.