**Steve EDMONDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1956.

446

James C. Brock, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee

PER CURIAM.

The appellant was fined $100 and sentenced to sixty days in jail for transporting alcoholic beverages in dry territory. He was stopped on a public highway at night by four State Troopers for operating his truck with Tennessee license plates. One of the Troopers had known appellant for fifteen years, but there is no direct evidence that the Troopers knew the identity of appellant until they stopped his truck. Two of the Troopers testified that the appellant said, in effect, "You might as well go ahead and search (the truck) it is in there," and when they did search it they found 55 cases of beer and ale and a dozen cases of whisky.

 The appellant complains that the license violation was used for the purpose of affording the Troopers an excuse for searching his truck, but he did not deny the improper use of the Tennessee tags. Appellant insists that the discovery of the truck of alcoholic beverages without direct proof that he intended to sell it in dry territory was insufficient to sustain his conviction. We have held that officers have a right to search an automobile after making a lawful arrest of the driver. Combs v.

Com., 271 Ky. 794, 113 S.W.2d 438; Barnes v. Com., 305 Ky. 481, 204 S.W.2d 801; Commonwealth v. Chaplin, 307 Ky. 630, 211 S.W.2d 841.

We conclude that the search was legal and that the evidence of the quantity of alcoholic beverage here found being transported in dry territory was itself sufficient for a jury to infer that it was being transported for an illegal purpose in the absence of convincing proof of an intention to deliver goods to a licensed dealer outside the dry territory.

The motion for an appeal is overruled and the judgment is affirmed.