**William THOMASON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 13, 1959.

Denney & Landrum, E. R. Denney, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., David Sebree, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, William Thomason, was indicted for unlawfully carrying concealed a deadly weapon, and was also charged with being a habitual criminal. He was convicted and sentenced to life imprisonment.

On December 13, 1957, at about eight o'clock at night, in the town of Livingston in Rockcastle County, two police officers observed an automobile being driven in an erratic fashion and they began pursuit. The officers followed the car several miles and across the county line into Laurel County, when, after the tires were shot down, the car was brought to a stop. In it was appellant who was arrested on a charge of drunken driving. Immediately thereafter, an officer searched the car and found a pistol concealed under a coat on the front seat. (Thomason testified the pistol was on the back seat.) The arresting officers returned Thomason to Livingston where he was put in the Rockcastle County jail under the charge of drunken driving. One officer, in addition, swore out a warrant for drunken driving. The proof of the exact nature of the charge and its pendency in court is not of the best quality, but since the parties have not objected, neither will we. Thomason has never been tried in Rockcastle County for the offense charged against him.

At the February term, 1958, of the Laurel Circuit Court, an indictment was returned against Thomason charging him

with the crime of carrying concealed a deadly weapon, with separate counts charging previous convictions of felony under Kentucky Revised Statutes, Section 431.-190, known as the Habitual Criminal Act.

Appellant was tried on May 28, 1958, and proper motion was made to suppress all evidence obtained by the officer when he searched the automobile, on the ground that such evidence was not competent because the primary question, namely, his guilt or innocence of the drunken driving charge, had never been determined. The court overruled his motion and at the conclusion of the case submitted, among others, the following instruction to the jury:

"If the jury shall believe from the evidence beyond a reasonable doubt that at the time and place mentioned in the evidence, the defendant, William Thomason, in the presence and sight of Eugene Senters, a policeman of the city of Livingston, Kentucky, and W. R. Moore, a deputy sheriff of Rockcastle County, Kentucky, operated his automobile while under the influence of intoxicating beverages, and you shall further believe from the evidence to the exclusion of a reasonable doubt that the defendant, William Thomason, in this county, before the finding of this indictment, did carry concealed a pistol, a deadly weapon, other than an ordinary pocket knife, upon or about his person, then the jury will find the defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary not less than two nor more than five years."

It is appellant's contention that the court erred in submitting the question of whether appellant committed a public offense in the presence of the arresting officers, and thereby permitting the jury to conclude that the search was legal because appellant had been placed under lawful arrest, and he insists that the evidence obtained by the search and discovery of a concealed weapon in his automobile in Laurel County could not possibly be competent until a prior determination of his guilt or innocence had been made in Livingston, Rockcastle County, on the drunken driving charge which was still pending there.

The above instruction is the same as that found in Stanley's Instructions to Juries, Section 917A, after necessary changes are made as to time, place and offense, and that instruction, in turn, was taken from one particularly prepared by the court in Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801, in which the facts were as follows: An officer overtook a truck driven by the accused, stopped him and placed him under arrest for speeding. The officer thereupon searched the truck and found thirty cases of beer. The accused was charged with having alcoholic liquor in his possession for sale in local option territory. The patrolman's right to search the truck rested, as it does here, on the question of whether the accused was lawfully arrested. The instructions given by the trial court were found to be erroneous and this court prepared for use in a new trial the instruction on which the above quoted instruction was based.

The use of this type instruction has been approved in many cases. In Billings v. Commonwealth, 223 Ky. 381, 3 S.W.2d 770, 773, we said: "So, in this case, the preliminary fact is: Whether defendant was committing a misdemeanor in the presence of the police witnesses so as to authorize them to arrest him and to thereby render any discoveries made by them in doing so competent on this trial? Whether he was committing any offense in the presence of the officers depended upon the prior determination of the rate of speed at which he was traveling at the time and place of his arrest. If it was within the permissible limits therein, he was committing no offense. On the other hand, if he was exceeding those limits, he was committing an offense in their presence and they had the right to arrest him. So that the fact which the court assumed was absolutely determinative of defendant's guilt in this case, and that fact should have been sub-.

mitted to the jury by an appropriate instruction. The court having failed to do so, it necessarily follows that this ground should be and it is sustained."

Again in Gossett v. Commonwealth, 308 Ky. 729, 215 S.W.2d 279, we said:

"Appellant assigns three alleged errors as grounds for reversal of the judgment. The first is that the Court in instructing the jury failed to submit the issue raised by the evidence as to the commission of the offense of reckless driving in the presence of the arresting officer as a prerequisite to the jury's right to consider evidence discovered in the search of the automobile in which appellant was riding. This contention has been upheld by this Court in a long line of decisions, some of which are: Mattingly v. Commonwealth, 202 Ky. 343, 259 S.W. 710; Morris v. Commonwealth, 231 Ky. 838, 22 S.W.2d 295, and Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801."

In Morris v. Commonwealth, 231 Ky. 838, 22 S.W.2d 295, the court again said that the decision of a preliminary fact on which the admissibility of evidence depends is, as a general rule, for the court, but where the evidence as to the preliminary fact is conflicting and doubtful, the court should submit the matter to the jury with instructions to disregard evidence offered unless they find in favor of the preliminary fact, and many cases are cited in support of that statement.

It may be noted, however, that in the foregoing cases incidents are not presented where the preliminary fact, that is, the charge of original arrest was pending or had been tried in another court.

Such an occasion did arise, however, in the recent case of Parrott v. Commonwealth, Ky., 287 S.W.2d 440, 443, where the facts were as follows: Parrott was found guilty in the Harlan Circuit Court of carrying concealed a deadly weapon. He had been arrested at a filling station and charged with public drunkenness and, after the arrest, he was searched and the concealed weapon was discovered. He was tried in the quarterly court and acquitted of the charge of being publicly drunk. Nevertheless in the subsequent trial in the circuit court, the court permitted the introduction of the evidence produced by the search after Parrott's arrest and submitted the question of its competency to the jury under the usual instruction. This court said:

"In the case at bar we are concerned with an evidentiary question which was determined by prior litigation, and under the circumstances the previous judgment is conclusive as to those matters which were in fact in issue and actually or necessarily adjudicated. The principle applicable to the problem under discussion is well expressed in this language in United States v. Carlisi, D.C., 32 F.Supp. 479, 482: '* * * There is, however, a rule of estoppel in criminal law akin to res judicata. As thus used it is a "rule of evidence" which accords to the accused the right to claim finality with respect to a fact or group of facts previously determined in his favor upon a previous trial.'"

The facts in the case under consideration present a third situation, for here the charge of public offense is pending in another court and the guilt or innocence of that crime is the preliminary fact which determines whether the arrest was proper and the ensuing search legal.

We accepted in the Parrott case the postulate that when the preliminary fact (of the sufficiency of the arrest) has been tried, the evidence obtained by search after that arrest is either established as competent or is rendered inadmissible depending on whether there was a conviction. Here we must find the path to follow in cases where the preliminary charge is pending in another court. To discover such a way is not easy as the facts in this case well illustrate.

The Laurel Circuit Court has no power to compel trial of the drunken driving

charge pending in the Rockcastle Court with the result that if we hold that the serious charge of carrying concealed a deadly weapon must be abated pending the disposition of the Rockcastle County case, the result would not be good. Still, if the Rockcastle Circuit Court is permitted to try the felony, we might reach an anomalous result because if the drunken driving charge is dismissed, at a later date, we would have a felony conviction based on evidence which would have been inadmissible if the case had been tried after the Rockcastle County case.

We have concluded that the interests of orderly procedure outweigh possible harms that might result from abatement, and believe it is better to take up "first things first," because without conviction there would be in fact no competent evidence to support conviction in the second case.

This ruling in no way overrules the opinions in the cases and instruction which were discussed above. It is perfectly proper to try the preliminary fact in a case based on a crime discovered because of the arrest where no case is pending or no trial has been had concerning the original offense.

██ To recapitulate, we believe the rule should be as follows:

(1) Where the crime charged as a result of the original arrest has been tried and the defendant found not guilty, evidence obtained by search after and by authority of that arrest is inadmissible. Parrott v. Commonwealth, Ky., 287 S.W.2d 440.

(2) Where an original and separate charge based on the offense for which the accused was arrested is pending in a court and subsequently the accused is charged in another court of a separate offense, no evidence which was obtained solely as a result of a search made after the arrest for the initial charge is admissible in the trial of the second offense until the offender is found guilty in the first court.

(3) Where no charge of the first offense has been made or is pending, the court may submit the preliminary fact under proper instruction. Stanley's Instructions to Juries, Section 917A; Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801; Billings v. Commonwealth, 223 Ky. 381, 3 S.W.2d 770; Gossett v. Commonwealth, 308 Ky. 729, 215 S.W.2d 279; Morris v. Commonwealth, 231 Ky. 838, 22 S.W.2d 295, and cases cited therein.

██ We are also of opinion that the instruction under KRS 431.190, the Habitual Criminal Act, is erroneous in that the jury was not required to find that the offenses and convictions were committed in succession, but only to find that the convictions were successive. See Parker v. Commonwealth, Ky., 238 S.W.2d 998.

The judgment is reversed.