**Violet TAYLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

As Modified on Denial of Rehearing
Jan. 15, 1965.

Charles C. Adams, Adams & Adams, Somerset, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Ass't. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

This is an appeal from a judgment sentencing Violet Taylor to the penitentiary for a term of two years on a charge of carrying concealed a deadly weapon.

In Somerset in Pulaski County, around midnight on January 31, 1964, three officers of the law drove up near the parked car occupied by appellant. Seeing, so they testified, one "Fats" Spears getting out of the car with a fifth of whiskey in his hand, they went up to him and arrested him. As they were then near appellant, who was seated in the car with the right door open, they stated they saw in the front a quantity of beer on the seat and some whiskey on the floor board. They arrested appellant upon the charge of illegally having alcoholic beverages in her possession for the purpose of sale in local option territory. See KRS 242.230.

Appellant's car was then searched, and on the floor next to the door on the driver's side her purse was discovered. When opened by one of the officers a pistol was found in the purse. Appellant was taken to the city hall in Somerset where a warrant was issued by the Somerset Police Court on the liquor charge. Thereafter, she was indicted and tried for carrying concealed a deadly weapon. See KRS 435.230(1).

When the latter case came on for trial, a continuance was requested until the

liquor charge, which was still pending in police court, could be tried and her guilt determined thereon. The trial court overruled the motion for a continuance. A trial was had, with the result heretofore mentioned.

At the conclusion of all the evidence, appellant moved the trial court to find her not guilty. This motion was overruled. A motion and grounds for a new trial was timely filed. Among other grounds, it was asserted the trial court "erred in instructing the jury as to the law in the case."

Relying upon Thomason v. Commonwealth, Ky., 322 S.W.2d 104, it is contended that the liquor charge for which appellant was arrested was still pending and undisposed of in the Somerset Police Court, and that the evidence obtained solely as a result of a search made after her arrest on the liquor charge was inadmissible in the concealed deadly weapon charge, of which she was subsequently accused, until she was found guilty of the offense preferred in the first named court.

In the Thomason case it was held that where the original charge, based upon the offense for which the accused was arrested, is pending in a court and, subsequently, the accused is charged in another court of a separate offense, no evidence which was obtained solely as a result of a search made after an arrest for the initial charge is admissible in the trial of the second charge until the offender is found guilty in the first court. See also Commonwealth v. Robey, Ky., 337 S.W.2d 34.

In the present case, the evidence, admitted without objection and uncontradicted, reflects that the original illegal possession of liquor charge was pending at the time of the trial under the indictment of carrying a concealed weapon.

Applying the foregoing principle of law to the facts presented, it was prejudicially erroneous to admit any evidence of the finding of the pistol.

Wherefore, the judgment is reversed and the case is remanded for consistent proceedings.