**Edd STILTZ, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 14, 1965.

------

Robert L. Dowell, Edmonton, for appellant.

Joseph Martin, County Atty., Edmonton, Robert Matthews, Atty., Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant was arrested in Metcalfe County, Kentucky, June 27, 1964, for reckless driving. A search of his automobile disclosed eight cases of beer. He was tried in magistrate's court July 11, 1964, on a charge of possessing alcoholic beverages in dry territory for the purpose of sale. On October 7, 1964, he was tried in the same court on a charge of reckless driving. Both cases were appealed to circuit court where, on November 12, 1964, he was again tried on illegal possession of intoxicants, found guilty and given a fine of $100 and 30 days in jail. He appeals.

Still pending and never tried in the circuit court is the reckless driving charge.

 We reverse this case on the authority of Taylor v. Commonwealth, Ky., 386 S.W.2d 480 (1965); Lane v. Commonwealth, Ky., 386 S.W.2d 743 (1965); and Thomason v. Commonwealth, Ky., 322 S.W. 2d 104 (1959), wherein it is said:

"Where an original and separate charge based on the offense for which the accused was arrested is pending in a court and subsequently the accused is charged in another court of a separate offense, no evidence which was obtained solely as a result of a search made after the arrest for the initial charge is admissible in the trial of the second offense until the offender is found guilty in the first court."

 Appellee maintains appellant did not give the trial court an opportunity to rule on the validity of the search, and he thereby waived the question. First at the beginning of appellee's evidence, and then at the conclusion, proper motion was made by appellant to suppress the evidence obtained by the search. We conclude this met the requirements of RCr 8.14.

Dissatisfaction is finally expressed with the indictment, in that, it did not conclude with "against the peace and dignity of the Commonwealth of Kentucky," as required by our Constitution. Inasmuch as we are reversing this case for a new trial, no doubt the indictment may be amended before another trial.

Wherefore, the judgment is reversed with directions to grant appellant a new trial.