James Willard MARCUM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 11, 1971.

Rehearing Denied Dec. 17, 1971.

Roy W. House, Manchester, Stoll, Keenon & Park, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, James Willard Marcum, was found guilty of having robbed Orville "Buster" Young with the use of a deadly weapon in violation of KRS 433.140. He was sentenced to serve ten years in the penitentiary. From that judgment he appeals, attacking it on the basis that the instructions were not according to law, the verdict was not supported by sufficient evidence and the Commonwealth Attorney made an improper closing argument.

■ We dispose of the latter complaint by pointing out that the closing argument is not a part of the transcript and no narrative statement permitted by CR 75.03 was included, without which we cannot consider this claim.

■ Marcum's son and Young had been gambling. Finally Young won all of the son's money. Then Marcum and Young began gambling and Young won all of Marcum's money and two pistols. All of this occurred in a tavern operated by Marcum. Marcum and Young engaged in a heated argument during which profane names were called. Marcum secured a shotgun and with it struck Young. Marcum testified that this was accidental. Young stated that money he had on his person was taken from him by Marcum after he was struck with the gun but Marcum claims that Young gave him money which he had in his hand and which really belonged to Marcum. Also Marcum argues that he retrieved his own money as title had not passed to Young in the gambling activities. The Commonwealth answers by noting testimony that more than the money which passed in gambling was taken. The above is sufficient narration to show that the jury had before it evidence on which it was authorized to find Marcum guilty.

■ The court gave the usual jury instruction stating that if it believed " * * * to the exclusion of a reasonable doubt" that Marcum " * * * did willfully, feloniously and by force or by putting in fear of bodily harm, take, steal and carry away from the person of Orville Young, against the will and consent of the said Orville Young, a quantity of lawful U. S. money of any value, the personal property of the said Orville Young * * *" it should find him guilty as charged. In Instruction No. II the trial court said:

"II. The Court gives this instruction to acquaint the jury with the phrase 'the personal property of Orville Young' used in Instruction No. I: The Court instructs the jury that title to property and money can not pass as the result of gambling; that if Orville Young lost the sum of $122 in gambling and then won the same back, the said $122 was and remained the personal property of the said Orville Young.

If the jury further believes from the evidence in this case to the *exclusion of a reasonable doubt* that the witness, Orville Young, went to the Parkette Cafe at the time testified to and had with him $122 in money, his own personal property, and that the said Orville Young lost said $122 in a poker game and later won the said $122 along with other sums of money, that the title to the $122 still remained in the said Orville Young, and if you further believe from the evidence that the said James Willard Marcum did by force take the sum of money from Orville Young in which sum was included the $122 which the said Orville Young came to said establishment with then you will find the defendant, James Willard Marcum, guilty if you believe

from the evidence *beyond a reasonable doubt* that the other elements of the offense included in Instruction No. 1 have been proven." (Emphasis ours)

Citing Benge v. Commonwealth, 258 Ky. 600, 80 S.W.2d 569 (1935); Moore v. Commonwealth, 313 Ky. 505, 232 S.W.2d 1021 (1950) and Barnes v. Commonwealth, 305 Ky. 481, 204 S.W.2d 801 (1947), appellant contends that the court erred in its failure to further use the phrase "beyond a reasonable doubt" in Instruction No. II. It is our opinion that the court made it sufficiently clear to the jury that its decision had to be based upon a finding beyond a reasonable doubt.

■ Whether Marcum was entitled to an instruction on assault and battery we need not decide. No objection to the instructions is revealed by the record except that which is included in the motion and grounds for a new trial. Therein is the following:

"IV

The Court erred in instructing the jury and in failing to fully and correctly instruct the jury; and erred in failing to give to the jury the whole law of the case, and especially erred in qualifying instruction number one by instruction No. 2 so that the jury was authorized to convict this defendant under instruction No. 2 without believing him to have been proven guilty beyond a reasonable doubt, or to the exclusion of a reasonable doubt."

RCr 9.54(2) provides:

"It shall not be necessary in order to preserve error that objections to instructions be made during the trial, but unless so made they must be presented in a motion for new trial. No objection shall be sufficient unless the specific grounds are stated."

In Greenville v. Commonwealth, Ky., 467 S.W.2d 765 (decided May 21, 1971), the appellant complained because the court had

not instructed on voluntary manslaughter. We said: "The only manner in which this omission was brought to the attention of the trial court was by that portion of a motion for new trial asserting that the court committed prejudicial error 'in not instructing on the whole law of the case.' We are of the opinion that this was not sufficiently specific to raise the question. Cf. Beets v. Commonwealth, Ky., 437 S. W.2d 496, 499 (1969); Stanley's Instructions to Juries, § 797 (1969–70) Supp."

The judgment is affirmed.

All concur.