Richard Alen SCHMIDT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 3, 1974.

---

John D. Miller, Miller & Taylor, Owensboro, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin III, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

This is an appeal from a conviction in the Muhlenberg Circuit Court on the charge of selling marijuana. The defendant, admitted to bail pending this appeal, was sentenced to a year in jail and fined $500.

On appeal, the defendant-appellant presents two issues:

(1) Whether the instructions given by the trial court were in conformity with RCr 9.56; and,

(2) whether the trial court ruled correctly in denying the appellant's proposed defense of entrapment.

On September 23, 1972, around sunset, Don Garrett, an off-duty state trooper, drove in to the parking lot of the P. N. Hirch Store in the Sears Shopping Center, Central City, Muhlenberg County, Kentucky, to do some shopping. Garrett was dressed in civilian clothes and driving his family car. As he parked, Garrett observed the appellant, Richard Alen Schmidt, walk out of the P. N. Hirch Store and seat himself on the curb with his head down in his hands. Garrett, believing the appellant to be sick or drunk, rolled down his window and asked if Schmidt were sick. Schmidt said he was not and asked Garrett to take him to the Dairy Maid. Garrett agreed. Upon Schmidt entering the car, Garrett inquired as to his name at which time Schmidt stated, "You mean you don't know me, (sic) I am the biggest pusher in Muhlenberg County. Do you want to cop a lid?" The trooper asked what he meant by "cop a lid". Appellant replied, "Do you want to buy some marijuana?" Garrett said, "Sure, I want to buy some marijuana." The appellant then stated, "If you will take me to my trailer, I will get it." He indicated the price would be twenty dollars a "lid" (an ounce of marijuana). Garrett took the appellant to his trailer home and made a purchase of marijuana, after which he arrested him.

Appellant contends that the trial court committed reversible error by failing to give the instruction as contained in RCr 9.56. That rule is as follows:

> Rule 9.56. Reasonable doubt.—The jury shall be instructed that if there is a reasonble doubt of the defendant's being proved to be guilty, he is entitled to an acquittal and that if there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall be convicted only of the lower degree.

There is nothing in the above language, however, which requires the statutory lan-

guage be used in the instruction on reasonable doubt. What is important is to convey to the jury the idea that where they entertain reasonable doubt, they should acquit. Thus, language which differs from that contained in RCr 9.56 is not necessarily defective. Where there is but one charge against the accused as in the case here, that of selling marijuana to Officer Garrett, the instruction below is not error:

If the jury should believe from the evidence, *to the exclusion of a reasonable doubt* that in this county, ànd on or about September 23, 1972, and within one year prior to the findings of the indictment herèin that the defendant, Richard Alen Schmidt knowingly and wilfully sold marijuana to Don Garrett, then the jury should find the defendant guilty and fix his punishment at confinement in the County Jail for any period of time not to exceed one year, or shall fine him in any amount not to exceed $500; or in the discretion of the jury it may both fine and imprison him within said limits. *Unless you so believe to the exclusion of a reasonable doubt,* you shall find the defendant not guilty. (Emphasis added.)

The instruction as given notifies the jury under which circumstances they shall find the accused guilty; or if they do not believe the accused guilty to the exclusion of a reasonable doubt, they shall find him not guilty. A similar instruction was sustained in Marcum v. Commonwealth, Ky., 473 S. W.2d 122, 124 (1971), where the court said: "It is our opinion that the court made it sufficiently clear to the jury that its decision had to be based upon a finding beyond a reasonable doubt." The Marcum case and the case at bar are similar in that in each the accused was charged with a single offense. We find the instruction here adequate in this case.

■ We point out, however, that where an accused is charged with multiple offenses or where the jury is given the choice of selecting a particular degree of an offense charged, as in a murder trial when the jury is permitted to select between wilful murder or voluntary homicide or manslaughter, in that class of case the court should properly include an individual instruction phrased in the language of RCr 9.56 as approved by Watkins v. Commonwealth, Ky., 465 S.W.2d 245, 249 (1971) to wit:

"If upon the whole case you have a reasonable doubt as to the defendant's guilt, you shall find him not guilty."

■ We find no entrapment here. The testimony is to the effect that the trooper did not previously know Schmidt, did not induce the sale of marijuana but merely accepted Schmidt's offer. There was no trickery or persuasion used to induce the sale which apparently was one in the ordinary course of Schmidt's business. So far as Schmidt's claim of drunkenness as a defense is concerned, there is no question that he knew what he was doing—that he "knowingly" made the sale in violation of the law. He requested to be driven to his trailer home to get the marijuana and arranged to meet the trooper outside to complete the sale.

The judgment is affirmed.

All concur.